# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | C16-1041 TSZ |
| Plaintiff, ) | |
| ) | **BRIEF IN SUPPORT OF THE** |
| v. ) | **MOTION TO DISMISS, FOR** |
| ) | **JUDGMENT ON THE** |
| DAVID A. GOULD, et al, ) | **PLEADINGS, OR FOR A MORE** |
| ) | **DEFINITE STATEMENT** |
| Defendants. ) | |
| _____) | **JURY TRIAL DEMANDED** |

AND NOW COMES Defendant David A. Gould ("Gould") who files this, his brief in support of the motion to dismiss, motion for judgment on the pleadings, or for a more definite statement.

## Background

The United States of America ("USA") brought a vindictive, ill-informed and stale action against the defendants seeking to impose unearned tax liability and falsely claiming non-existent fraudulent transactions that occurred before any alleged debt was even owed to it. Gould believes this Court must dismiss many aspects of the case from the onset.

1

## The Motions Must be Granted

### I. The United States failed to join an indispensable party, Brookline Properties, a trust.

Pursuant to Federal Rule of Civil Procedure 12(b)(7), Gould moved this Court to dismiss this case for failing to join an indispensable party. In this case, the United States sued an entity, "Brookline Properties Inc." It then began doing searches to locate this entity, presumably a corporation. However, a review of all of the deeds and property transfers in this case make it clear that there is not an entity known as "Brookline Properties Inc." that is a real party in interest. The designator "Inc." is for corporations and corporate entities. *See*, *e.g.*, Revised Code of Washington, Sec. 23.95.305(1)(a)(i).

No real party in interest, particularly the property owner, ever used the name or designator "Brookline Properties Inc." Therefore, the United States' futile attempt to locate this corporation appears in vain. "Brookline Properties Inc." was never used as a false name and that name with the "Inc." never appears on any documentation.

On the contrary, the real party in interest is "Brookline Properties," which does not have the incorporation designator, and, based on information, is a trust in either common law or through statutory creation.

By naming some non-existent corporation instead of the real party in interest-- the trust-- the United States seeks to obtain a judgment foreclosing on a property without ever having to notify the real party in interest, *i.e.*, the trust.

Certainly, when seeking to foreclose on a property, to maintain a valid action, the United States must name the property owner as a defendant-- not some corporate variation.

Failure to join a party deemed "indispensable" under Rule 19 provides a basis for dismissal under Fed. R. Civ. Proc. 12(b)(7); *Quileute Indian Tribe v. Babbit*, 18 F3d 1458, 1459 (9th Cir. 1994). The requisite analysis under Rule 19 proceeds in three stages. *EEOC v. Peabody W. Coal Co.,* 610 F3d 1070, 1078 (9th Cir. 2010). First, a party "who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction" is "necessary" to maintenance of the action if "the person claiming an interest relating to the subject of the action is so situated that disposing of the action in the person's absence may: (1) as a practical matter impact or impede the person's ability to protect the interest; or (2) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. Proc. 19(a); *Peabody,* 610 F3d at 1078; *Quileute*, 18 F3d at 1458.

In other words, a nonparty is "necessary" if joinder is "desirable in the interests of just adjudication."

In this case, as the trust Brookline Properties owns property in the Western District of Washington, it is certainly subject to service of process and the jurisdiction of this Court. Failure to join Brookline Properties -- the trust and not the corporation -- will create chaos and confusion if the United States forecloses on the trust's property without ever naming them in the suit. It simply would be "desirable in the interests if just adjudication" to name the correct property owner as a defendant in this case.

While the United States might try to claim later on that suing the corporation Brookline Properties constitutes some form of typographical error or mistake, they repeated the incorrect name so many times that it appears to be more than that. As the term "Brookline Properties Inc." refers to valid corporations in many different states and jurisdictions, it is very well possible that the trust coordinators and operators may not obtain notice of the suit if this Court grants some alternative process such as service by publication.

Under Rule 19, the next question is whether joinder is feasible. Certainly, other than the United States' alleged difficulty in serving the invented name it created for the property owner, it did sue the wrong entity. Nothing prevents it from suing the correct entity-- Brookline Properties, a trust.

The third question is whether, if it is not feasible to join the non-party, whether that party is indispensable. In this case, if the United States somehow

4

shows that its difficulty in serving the trust makes joinder unfeasible, Brookline Properties, a trust, is simply indispensable.  Specifically, this is a foreclosure case that would result in the trust losing its assets.  That is something that cannot happen without notice and an opportunity to be heard.

Even if this Court holds that the naming of Brookline Properties Inc. somehow gives a non-corporation with a popular name notice that it is being sued, the United States failed to serve the entity and even the non-existent corporation is not properly before this Court.

Therefore, this case must be dismissed for failing to join the indispensable party, the property owner, Brookline Properties, a trust.

## II. Judgment on the Pleadings as to Count III is Appropriate on the Basis of the Statute of Limitations on Actions Relating to Alleged Fraudulent Transfers Since the Transfer Occurred in 1998

In Count III, purporting to invoke RCW 19.40.071, the United States seeks to set aside Gould's transfer of his property to Brookline Properties, a trust.  According to the Complaint of the United States, this transfer occurred in 1998 -- long before any purported IRS debt or assessments occurred.

Doing this nearly 20 years after the transfer appears malicious, at best.  A cause of action with respect to a fraudulent transfer or obligation under RCW 19.40 is extinguished unless action is brought: (a) Under RCW 19.40.041(a)(1), within four

years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant.... RCW 19.40.091(a).

The Government has not shown that it could not have reasonably discovered the alleged fraudulent transfer within these time periods. Therefore, the invocation of RCW 19.40 appears to be out of time. *Freitag v. McGhie*, 947 P.2d 1186 (Wash. Sup. Ct. 1997)(defining time periods).

The United States appears to be governed by these limitations periods. *United States v. Vellalos,* 780 F.Supp. 705, 708 (D.Hawai'i 1992) . The extinguishment provision was designed in part to bar actions asserted by the government under the *Summerlin* rule: "The section rejects the rule applied in the *United States v. Gleneagles Inv. Co.*, 565 F.Supp. 556, 583 (M.D.Pa.1983) (state statute of limitations held not to apply to action by United States based on Uniform Fraudulent Conveyance Act)." Unif. Fraudulent Transfer Act § 9, comment (1), 7A U.L.A. 665-66 (1984). In this regard, the provision appears to be a dressed-up statute of limitations, crafted to circumvent the rule of *Summerlin. United States v. Bacon,* 82 F.3d 822, n. 1 (9th Cir. 1996). In *Bacon*, the Ninth Circuit Court of Appeals, recognizing that the 1996 transfer act that the government sues on here maintains a statute of limitations applicable to the federal government, it held that it

should not be applied retroactively.  In this case, since the transfer occurred in 1998, no retroactivity problem exists.

As such, absent the United States making some allegation that it could not have discovered the conveyance at a reasonable time, there exists no reason not to grant judgment on the pleadings because the statute of limitations has been exhausted.

### III. The United States Lacks Standing or Fails to State a Claim for Fraudulent Conveyance When the Alleged Conveyance Occurred in 1998 and the Purported Tax Debts accrued in Tax Year 2000 and Were Not Assessed Until 2009

In Count III (and Count IV through a demand to apparently enforce Count III), the United States sues to declare that the conveyance by Gould to Brookline Properties "Inc." constitutes a fraudulent conveyance and take the property.  This would subject Gould to liability.  Regurgitating the statutory elements of the Washington State statute, without alleging facts, the United States simply avers that "Mr. Gould made the transfer with actual intent to hinder, delay, or defraud creditors."  The problem with the argument of the United States is it became an alleged creditor, at the earliest, in 2000 -- and the transfer of the property occurred in 1998.  The United States does not allege that the purported debt to it, which was not assessed until 2009, was known or could be anticipated by Gould.

Because the United States cannot allege that it was a creditor during 1998 when the sale of the house occurred, and since no taxes accrued until the 2000 tax year, no injury to the United States occurred by the transfer. The United States does not claim it was a creditor defrauded. Therefore, it lacks standing to sue for a purported conveyance to defraud creditors in 1998 since it did not allege it was a creditor.

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting U.S. Const. art. III, § 2). To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and *the* conduct complained of and (3) a likelihood that the injury will be redressed by a favorable decision. *id*. The United States must show an "injury in fact."

"An injury sufficient to satisfy Article III must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *id*. at 2341. The party asserting the claim has the burden of establishing standing. *id*. at 2342.

The United States seeks equitable relief to rectify a fraud to third parties without having been defrauded. However, the only party with standing to attack the validity of transactions between parties was the party who was allegedly defrauded. Strangers have no standing to inject themselves between contracting parties.

*Greater Iowa Corporation v. McLendon,* 378 F2d 783, 792 (8th Cir. 1967). Similarly, the United States does not allege that it was a defrauded creditor at the time of the conveyance.

Standing prevents "kibitzers, bureaucrats, publicity seekers, and 'cause' mongers from wresting control of litigation from the people directly affected." *Ill. Dept. of Transp. v. Hinson*, 122 F.3d 370, 373 (7th Cir. 1997)(emphasis added). The tax bureaucrats in this case were not affected by a transfer occurring in 1998 when no debt was due. There is no statutory clawback found in the Washington law the United States sues under.

A court must determine (1) whether a plaintiff's complaint falls within the zone of interests protected by the law invoked; (2) whether the plaintiff is asserting his own rights and interests, and not those of third parties; and (3) that the plaintiff is not asking the court to adjudicate abstract questions of public significance. *Libertad v. Welch*, 53 F.3d 428, 436 (1st Cir. 1995). "[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Council of Ins. Agents & Brokers v. Juarbe-Jimenez*, 443 F.3d 103, 108-09 (1st Cir. 2006). The standing analysis focuses not on the claim itself, but on the party bringing the challenge; whether a plaintiff's

**9**

complaint could survive on its merits is irrelevant to the standing inquiry. *Libertad*, 53 F.3d at 437 n.5.

The United States asserts none of its own rights when it claims that the 1998 conveyance sought to defraud creditors as it was simply not a creditor at the time. If Gould sold the house for a million dollars and spent the money at a casino, the United States could not cry foul since it was not owed anything at the time. Whether Gould sold the house in 1998 for minimal consideration, a novel type of consideration, or gave the house away to a person who smiled at him had no bearing on the rights of the government since there was no debt owed to the plaintiff. It simply was not their business.

Therefore, the United States lacks standing to sue because Gould allegedly transferred his property to defraud creditors in 1998 since the United States had no financial interest in the property at that time.

IV. **The United States is not the Real Party in Interest as to Count III and Must Provide a More Definite Statement Identifying the Creditors; Or, in the Alternative, the United States Failed to Join Indispensable Parties.**

The United States sues to reverse a purported transfer of property during 1998 because the sale was purportedly meant to "defraud creditors." The United States does not allege it was a creditor. Thus, the United States is not the real party in

interest. A civil action must be prosecuted in the name of the real parties in interest. Fed. R. Civ. P. 17(a).

Even if the United States could sue for the purported "defrauding" of creditors in 1998, to avoid exposing Gould to multiple liability, it must join the purported creditors who were defrauded. *See* Argument Above related to joining indispensable parties. Certainly, if the United States seeks to reverse the transfer of the house on behalf of the so called "creditors" who were allegedly defrauded, they must be joined as they have rights to the property superior to those of the United States -- after all, they would have been owed in 1998 and the alleged debt to the United States did not become viable until years later.

Finally, the United States alleges that the sale of the house in 1998 -- years before any taxes were allegedly due -- and a decade before taxes were assessed -- defrauded "creditors." However, the United States does not identify these creditors. Gould cannot respond to this allegation as he does not know of any creditors this allegation may respond to. The allegation is so vague, it is hard to even understand what the United States is claiming. Indeed, the United States appears to be saying that Gould was insolvent so a transfer of his property defrauded some creditors (but not the United States). At a minimum, this Court should require the United States to identify what creditors they are referring to as it's practically impossible to defend against this claim. Federal Rule of Civil Procedure 12(e) provides that a party may

move for a more definite statement of a pleading this is "so vague or ambiguous that the party cannot reasonably prepare a response," and so all parties can be properly joined and a response prepared, a more definite statement should be required.

WHEREFORE, this Court should grant this motion and dismiss the case, grant partial judgment on the pleadings, or require a more definite statement.

                                            */s/ David A. Gould*  
                                              David A Gould  
                                              Flat F, 6F, Liberty Mansion  
                                              26E Jordan Road  
                                              Kowloon, Hong Kong, China  
                                              +852 62935439

                                              DEFENDANT

## **CERTIFICATE OF SERVICE**

I, David A. Gould, filed this document electronically on January 9, 2017, and all parties received service via the CM/ECF system.

                                              */s/ David A. Gould*  
                                              David A Gould