Honorable Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:16-cv-1041-TSZ |
| Plaintiff, ) | |
| ) | |
| v. ) | **UNITED STATES' OPPOSITION TO** |
| ) | **DAVID A. GOULD'S MOTION TO** |
| DAVID A. GOULD; JANE C. POLINDER; ) | **DISMISS, FOR JUDGMENT ON THE** |
| BROOKLINE PROPERTIES, INC.; ) | **PLEADINGS, OR FOR A MORE** |
| WHATCOM COUNTY TREASURER; ) | **DEFINITE STATEMENT** |
| TARIO AND ASSOCIATES, P.S.; ) | |
| WASHINGTON STATE DEPARTMENT OF ) | **Note on Motions Calendar:** |
| SOCIAL AND HEALTH SERVICES; ) | **March 3, 2017** |
| FINANCIAL CONCEPTS, LTD.; ) | |
| GOLDSTAR ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The United States of America submits this opposition to defendant David A. Gould's motion to dismiss the complaint, for judgment on the pleadings, or for a more definite statement, filed on January 8, 2017. (Dkt. 28.)[1]

---

[1] As a preliminary matter, the United States requests that, pursuant to LCR 7(l), the Court renote Mr. Gould's motion for March 3, 2017 (which is the noting date stated above). When he filed his motion, Mr. (continued...)

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT
ON THE PLEADINGS, OR FOR A MORE DEFINITE
STATEMENT
Case No. 2:16-cv-1041-TSZ

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

Mr. Gould makes this motion for three reasons: he asserts that (1) the United States improperly named "Brookline Properties, Inc." as a defendant, rather than "Brookline Properties," a trust, which, he claims, is an "indispensable party"; (2) the state statute of limitations bars the United States' claim regarding Mr. Gould's fraudulent transfer of the property at issue to Brookline Properties; and (3) because Mr. Gould purportedly transferred this property to Brookline Properties before his tax liabilities at issue in this case arose, the United States lacks standing to bring, or is not the real party in interest with respect to, a fraudulent transfer claim.

Neither the facts nor law support Mr. Gould's arguments. First, as explained below, no issue related to naming "Brookline Properties, Inc." as a defendant, as opposed to "Brookline Properties," a trust, would warrant dismissing this action or any part of it. Second, the statute of limitations applicable to claims under Washington's Uniform Fraudulent Transfer Act (UFTA) does not apply to the United States. And third, under the UFTA, a fraudulent transfer is fraudulent as to a creditor whether that creditor's claim arose before or after the transfer.

For these reasons, and as explained more below, Mr. Gould's arguments lack merit. The United States thus requests that the Court deny Mr. Gould's motion.

## BACKGROUND

According to the IRS's information, defendants David Gould and Jane Polinder, who previously held themselves out as married, stopped filing federal tax returns beginning in 1996

---

(… continued)
Gould entered a noting date of March 31, 2017, which is almost three months after the filing date. No reason exists for Mr. Gould's motion to remain pending for that length of time. A March 3 noting date would provide sufficient time for Mr. Gould to file any reply and permit earlier resolution of the motion.

OPPISITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

and used offshore accounts to conceal taxable income. The IRS investigated their tax liability as part of its Offshore Credit Card Program. As a result of this investigation, beginning in 2009, the IRS made assessments against Mr. Gould and Ms. Polinder for the 2000 through 2004 tax years. On July 6, 2016, the United States brought this action to (1) reduce to judgment these tax assessments against Mr. Gould and Ms. Polinder and (2) foreclose the related federal tax liens on certain real property (the "Subject Property") located in Whatcom County, Washington, and owned by Mr. Gould and Ms. Polinder, to partially satisfy their federal tax debts.

The Tax Code requires that all persons who may claim an interest in the Subject Property be made parties to this action. *See* 26 U.S.C. § 7403(b). For that reason, the United States named as defendants, in addition to Mr. Gould and Ms. Polinder, the following entities with possible interests in the Subject Property: the Whatcom County Treasurer; Tario and Associates; the Washington State Department of Social and Health Services; Financial Concepts Ltd.; Goldstar Enterprises; and Brookline Properties, Inc.

Brookline Properties, specifically, may have an ownership interest in the Subject Property. The IRS's investigation of that property revealed that on May 12, 1998, Mr. Gould purported to transfer the Subject Property to "Brookline Properties," via quitclaim deed, for "capital unity of indeterminable value." (*See* Compl. ¶ 15.) Neither the deed nor any other land record, however, indicates what type of entity Brookline Properties is. Brookline Properties appears not to be a trust, given that the relevant quitclaim deed does not identify a trustee (which it must if property is held in trust). In addition, the IRS's investigation did not find any evidence that Brookline Properties is a trust. Because the United States could not determine what type of entity Brookline Properties purported to be, the United States named "Brookline Properties, Inc.," as a defendant in this action, pursuant to 26 U.S.C. § 7403(b).

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

Moreover, after bringing this action, the United States was unable to locate an address or representative for any entity in Washington with "Brookline Properties" in its name.  On July 22, 2016, the United States thus moved for leave to serve Brookline Properties, Inc. (as well as Financial Concepts Ltd. and Goldstar Enterprises) by publication.  (Dkt. 10.)  On August 9, 2016, the Court denied the motion, without prejudice.  (Dkt. 13.)  In its Order, the Court stated that the United States had not made an adequate showing that these entities could not be served in Washington, and the Court provided possible addresses for some of these entities.  To date, despite investigating the information the Court provided, in addition to other efforts, the United States remains unable to locate an address or representative for any of these entities, including Brookline Properties.

## ARGUMENT

Mr. Gould now seeks to dismiss this action or obtain judgment based on spurious arguments pertaining to the technical name "Brookline Properties" and the timing of his purported transfer of the Subject Property to Brookline Properties.  As explained below, the Court should deny this relief for the following reasons: (1) if "Brookline Properties, Inc." is not the real party in interest, that would not warrant dismissing this action or any part of it; (2) the Washington UFTA's statute of limitations does not apply to the United States; and (3) the UFTA makes clear that the United States has standing as a creditor to bring a fraudulent transfer claim against Mr. Gould, even though the United States' claim arose after the purported transfer.

**A.  If "Brookline Properties, Inc.," Is Not The Real Party In Interest, That Would Not Warrant Dismissing This Action.**

Mr. Gould asserts that, because the United States named "Brookline Properties, Inc." as a defendant, rather than "Brookline Properties," a trust, which he claims is an "indispensable

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

party," the Court should dismiss this action. Mr. Gould is incorrect. First, Brookline Properties is not an indispensable party with respect to the threshold issue in this action. Second, in any event, any question of the real party in interest between "Brookline Properties" and "Brookline Properties, Inc.," can be easily resolved.

**1.  Brookline Properties is not an indispensable party with respect to claims pertaining to the tax assessments at issue.**

As stated above, through this action, the United States seeks both to reduce to judgment the federal income tax assessments against Mr. Gould and Ms. Polinder and to foreclose the related federal tax liens on the Subject Property and obtain judicial sale of that property. To accord complete relief in this action, therefore, pursuant to 26 U.S.C. § 7402(e), the Court would have to order the Subject Property sold with clear title. To do so, it must adjudicate the rights of all parties (fictitious or real) that may have interests in the Subject Property, including Brookline Properties.

Before getting to that point, however, the Court must decide the threshold issue in this action – the validity of the tax assessments forming the basis of the federal liens against the Subject Property. Those assessments stem from Mr. Gould's and Ms. Polinder's unpaid federal income tax, penalties, and interest. Brookline Properties, whether a trust, a corporation, or another type of entity, has nothing to do with determining the validity of those assessments. If the assessments are valid, then federal tax liens against Mr. Gould's property and rights to property arose on the dates of the assessments, and the United State may foreclose on those liens even if a third party holds an interest in the property. *See* 26 U.S.C. §§ 6321, 6322, and 7403; *see also United States v. Rodgers*, 461 U.S. 677, 699-700 (1983) (stating that such authority "is necessary to the prompt and certain enforcement of the tax laws"). At that point in this action, it

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

would be between the United States, Brookline Properties, and defendants other than Mr. Gould to litigate, or agree on, the priority of interests in the Subject Property.

Because Brookline Properties' only stake in this action pertains to whatever interest it may have in the Subject Property, it is not an indispensable party with respect to the threshold question of the validity of the tax assessments. Any issue pertaining to the United States having named "Brookline Properties, Inc.," as a defendant, as opposed to "Brookline Properties," thus would not affect the claims pertaining to those assessments.

### 2. Any issue of naming the real party in interest is easily remedied.

In any event, any question of the real party in interest between "Brookline Properties," a trust, and "Brookline Properties, Inc.," can easily be resolved and would not warrant dismissal of any claims. Assuming that "Brookline Properties" exists in some form, if "Brookline Properties," a trust, is the real party in interest, as opposed to "Brookline Properties, Inc.," the United States simply could substitute or add Brookline Properties, a trust, as the named party and effect service of process. Or the parties could stipulate that Brookline Properties, a trust, is the real party in interest. *See* Fed. R. Civ. P. 17(a)(3) (after an objection that the real party in interest has not been named, the Court must allow for substitution of that party); *see also Cano v. Cocopah Casino*, No. 06-cv-2120, 2007 WL 2164555, at *2 (D. Ariz. July 25, 2007) (plaintiff must have opportunity to substitute Cocopah Tribe, the real party in interest, for Cocopah Casino, the named defendant).

Accordingly, if Brookline Properties is a trust and not a corporation, that would not justify dismissing the complaint or any part of it. Moreover, contrary to Mr. Gould's assertion, the United States' inability to serve Brookline Properties has nothing to do with attempting to serve a corporation as opposed to a trust. Based on the United States' investigation, "Brookline

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

1  Properties" does not exist in Washington State as a corporation, a trust, or in any other form.

2  Also, if Brookline Properties is a trust, then it cannot hold title to the Subject Property. Under

3  Washington law, a trust is "a fiduciary relationship with respect to property, subjecting the

4  person by whom the title to property is held to equitable duties to deal with the property for the

5  benefit of another person, which arises as a result of a manifestation of an intention to create it."

6  *In re Marriage of Lutz*, 873 P.2d 566, 571 (Wash. App. 1994) (citing 1 William F. Fratcher, *Scott

7  on Trusts* § 2.3, at 41 (4th ed. 1987)); *see also* Restatement (Third) of Trusts § 2 (2003) (stating

8  essentially the same definition). Accordingly, only a trustee of a trust can hold title to property,

9  and can do so only for the benefit of another. *See generally In re Bowden*, 315 B.R. 903, 907-09

10  (Bankr. W.D. Wash. 2004). The quitclaim deed through which Mr. Gould transferred the

11  Subject Property to Brookline Properties does not identify a trustee.

12  For that reason, and because no evidence existed that Brookline Properties is a trust, the

13  United States did not name "Brookline Properties," a trust, as a defendant in this action.

14  Nevertheless, given that the relevant quitclaim deed identifies "Brookline Properties" as the

15  transferee, and given that Mr. Gould claims "Brookline Properties," a trust, is the real party with

16  an interest in the Subject Property, the United States can move for leave to amend its complaint

17  to substitute "Brookline Properties" for "Brookline Properties, Inc." as the defendant, then

18  attempt to serve "Brookline Properties."

19  **B.     The State Statute Of Limitations On Fraudulent Transfer Claims
            Does Not Apply To The United States.**
20

21  Mr. Gould also seeks "judgment on the pleadings" with respect to Count 3 of the

22  complaint, in which the United States requests an order setting aside the fraudulent transfer of

    the Subject Property. Mr. Gould argues that the statute of limitations in Washington's Uniform
23

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT
ON THE PLEADINGS, OR FOR A MORE DEFINITE
STATEMENT
Case No. 2:16-cv-1041-TSZ

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

Fraudulent Transfer Act (UFTA), RCW § 19.40.011, *et seq.*, bars the United States' fraudulent transfer claim in this case. Under the UFTA, a fraudulent transfer claim "is extinguished" unless brought within four years after the transfer was made. RCW § 19.40.091(a), (b). Because the transfer at issue here occurred in 1998, and the United States brought the fraudulent transfer claim in 2016, Mr. Gould maintains that the claim is time barred.

Mr. Gould is incorrect. The Ninth Circuit made clear, in *Bresson v. Commissioner of Internal Revenue*, 213 F.3d 1173 (9th Cir. 2000), that state statutes of limitations do not apply to the United States when it seeks to set aside fraudulent transfers for purposes of collecting tax. Analyzing a claim extinguishment provision identical to that in Washington's UFTA, the *Bresson* court first explained the relevant rule derived from *United States v. Summerlin*, 310 U.S. 414 (1940), and its progeny. Under the *Summerlin* rule, "if the United States comes into possession of a valid claim, that claim cannot be 'cut off' later by a state statute of limitations." *Bresson*, 213 F.3d at 1176. This rule applies in the following circumstances: "(1) when 'the right at issue was obtained by the government through, or created by, a federal statute,' and (2) when 'the government was proceeding in its sovereign capacity.'" *Id.* (quoting *United States v. California*, 507 U.S. 746, 757 (1993)). In light of these two factors, the *Bresson* court concluded that the UFTA's claim extinguishment provision "cannot evade the rule of *Summerlin*." *Id.* at 1178. First, the court reasoned, although the United States must rely on the UFTA to establish a defendant's transferee liability, the United States' underlying right to collect money derives from federal law. Second, in its efforts to collect taxes, the United States acts in its sovereign capacity. Accordingly, "[b]ecause the United States is here acting in its sovereign capacity in an effort to enforce rights ultimately grounded on federal law, the rule of *Summerlin* will not allow

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

the 'extinguishment' of a valid, fully accrued claim by the [United States] brought under the [UFTA]." *Id.*

In his brief, Mr. Gould incorrectly describes the *Summerlin* rule as the opposite of what the *Bresson* court states it is. He also relies on an earlier district court case, *United States v. Vellalos*, 780 F. Supp. 705 (D. Haw. 1992), for his position that the UFTA's claim extinguishment provision bars the United States' fraudulent transfer claim. The *Bresson* court, however, explicitly rejected any holding in *Vellalos* contrary to that in *Bresson*: "To the extent that cases such as *Vellalos* . . . are inconsistent with this holding, we disapprove them." *Bresson*, 213 F.3d at 1178. Moreover, the *Bresson* court emphasized that claim extinguishment provisions represent "a *conscious* attempt to evade the rule of *Summerlin*." *Bresson*, 213 F.3d at 1179 (emphasis in original). By design, an extinguishment provision causes a valid, fully accrued right of action to lose its vitality over time, which is "precisely the result against which *Summerlin* protects the United States." *Id.* at 1178. "To allow states to evade the *Summerlin* rule by the simple expedient of renaming their statutes of limitations is inconsistent with the core teaching of *Summerlin* – namely, that states 'transgress the limits of state power' when they attempt to set limitations periods on claims acquired by the United States in its governmental capacity." *Id.* at 1179.

In this case, Mr. Gould and Ms. Polinder stopped filing federal tax returns beginning in 1996 and, according to the IRS's information, used offshore accounts to conceal taxable income. When he purportedly transferred the Subject Property to Brookline Properties in 1998, therefore, Mr. Gould knew that at some point he could face liability for unpaid federal taxes going back to 1996, depending on how long it would take for the IRS to investigate and make assessments.

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

Because of circumstances such as these, the *Summerlin* rule operates to protect the United States from claim extinguishment provisions.

**C.     Under The UFTA, The United States Has Standing To Bring A Fraudulent Transfer Claim Against Mr. Gould.**

Finally, Mr. Gould asserts that, because he purportedly transferred the Subject Property to Brookline Properties in 1998, before the tax liabilities at issue in this case arose in 2000, the United States was not a "creditor" at the time of the purported transfer and thus lacks standing to bring, or is not the real party in interest with respect to, a fraudulent transfer claim.[2]  A simple reading of Washington's UFTA makes clear that Mr. Gould is wrong.  Under the UFTA, the United States is a "creditor," and a fraudulent transfer is fraudulent as to a creditor whether that creditor's claim arose before or after the transfer.

Washington's UFTA defines "creditor" as "a person who has a claim," and "debtor" as "a person who is liable on a claim."  RCW § 19.40.011(4), (6).  Given that the United States has a claim against Mr. Gould for unpaid federal taxes, under the UFTA, the United States is a "creditor," and Mr. Gould is a "debtor."

The UFTA then states the following:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, *whether the creditor's claim arose before or after the transfer was made or the obligation was incurred*, if the debtor made the transfer or incurred the obligation:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

---

[2] As part of this argument, Mr. Gould also claims that the fraudulent transfer allegations are vague.

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

>  (i) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>  (ii) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

RCW § 19.40.041(a) (emphasis added).  Without question, under this language, if the United States' claim arose *after* Mr. Gould purportedly transferred the Subject Property, the United States, as a creditor, has a viable fraudulent transfer claim if either of the statute's two elements apply.

In this case, the United States has alleged that both of the statute's elements apply.  In its complaint, the United States alleges that Mr. Gould's purported transfer of the Subject Property constitutes a fraudulent transfer as to the United States because "(1) Mr. Gould made the transfer with actual intent to hinder, delay, or defraud creditors, and (2) Mr. Gould did not receive a reasonably equivalent value in exchange for the transfer, and was about to incur debts beyond his ability to pay." Compl. ¶ 37.  Moreover, the United States has alleged that its interest in the Subject Property arises from operation of 26 U.S.C. §§ 6321 and 6322, through which liens for the unpaid taxes, interest, and penalties alleged in the complaint attached to Mr. Gould's property and rights to property.  *See* Compl. ¶¶ 17-19, 21.

The United States thus has a viable fraudulent transfer claim against Mr. Gould under the UFTA.  Moreover, by alleging the specific elements of such a claim, the United States has stated allegations sufficiently specific to enable Mr. Gould to defend against them.  Based on these allegations, Mr. Gould can grasp that he must either (1) defend his purported transfer of the Subject Property as a legitimate transaction or (2) concede that the transfer was a sham for purposes of shielding an asset from creditors, particularly considering that he had not been filing federal tax returns.  The allegations thus meet the Federal Rules' requirements.  *See generally*

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (allegations meet the requirements of Fed. R. Civ. P. 9(b) if they are "specific enough to give [the defendant] notice of the particular misconduct . . . so that [he] can defend against the charge and not just deny that [he has] done anything wrong").

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Gould's motion to dismiss the complaint, for judgment on the pleadings, or for a more definite statement.

Dated:  February 23, 2017                              Respectfully submitted,

                                                   DAVID A. HUBBERT
                                                   Deputy Assistant Attorney General

                                                   */s/ Charles J. Butler*
                                                   CHARLES J. BUTLER
                                                   Trial Attorney, Tax Division
                                                   U.S. Department of Justice
                                                   P.O. Box 683
                                                   Washington, D.C.  20044
                                                   202-514-6062 (v)
                                                   202-307-0054 (f)
                                                   Charles.J.Butler@usdoj.gov

                                                   Of Counsel:
                                                   ANNETTE L. HAYES
                                                   United States Attorney
                                                   Western District of Washington

                                                   Attorneys for the United States of America

OPPISITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ
12
U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2017, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notice to all parties that have appeared in this action.

*s/ Charles J. Butler*
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice

OPPOSITION TO MOTION TO DISMISS, FOR JUDGMENT ON THE PLEADINGS, OR FOR A MORE DEFINITE STATEMENT
Case No. 2:16-cv-1041-TSZ

13

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062