DAVID A. HUBBERT
Acting Assistant Attorney General

CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6062 (v)
202-307-0054 (f)
Charles.J.Butler@usdoj.gov

Of Counsel:

ANNETTE L. HAYES
United States Attorney
Western District of Washington

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID A. GOULD; JANE C. POLINDER; ) <br> BROOKLINE PROPERTIES; ) <br> WHATCOM COUNTY TREASURER; ) <br> TARIO AND ASSOCIATES, P.S.; ) <br> WASHINGTON STATE DEPARTMENT OF ) <br> SOCIAL AND HEALTH SERVICES; ) <br> FINANCIAL CONCEPTS, LTD.; ) <br> GOLDSTAR ENTERPRISES, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:16-cv-1041 <br><br> **AMENDED COMPLAINT TO REDUCE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS** |

The United States of America, through its undersigned counsel, alleges as follows:

1. The United States brings this civil action to reduce to judgment outstanding federal income tax assessments against David A. Gould and Jane C. Polinder and to foreclose the

federal tax liens on certain real property located in Whatcom County, Washington, to satisfy, in part, these federal tax debts.

2. The United States commences this action pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States, with the authorization and at the request of the Secretary of the Treasury, acting through his delegate, the Chief Counsel of the Internal Revenue Service.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in the Western District of Washington in accordance with 28 U.S.C. §§ 1391(b) and 1396. The tax liabilities at issue accrued in this district, and the real property at issue is located within this district.

**DEFENDANTS**

5. Defendant David A. Gould has been assessed with federal income tax liabilities for the years 2000 through 2004, and has an ownership interest in the real property that is the subject of this Complaint.

6. Defendant Jane C. Polinder has been assessed with federal income tax liabilities for the years 2000 through 2004, and has an interest in the real property that is the subject of this Complaint.

7. Defendant Brookline Properties is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action. On information and belief, Brookline Properties is a fictitious entity that Mr. Gould created.

8. Defendant Whatcom County Treasurer is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

9. Defendant Tario and Associates, P.S., is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

10. Defendant Washington State Department of Social and Health Services is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

11. Defendant Financial Concepts, Ltd., is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action. On information and belief, Financial Concepts, Ltd., is a fictitious entity that Mr. Gould created.

12. Defendant Goldstar Enterprises, Inc., is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this action.

## THE SUBJECT PROPERTY

13. The real property at issue in this action (the "Subject Property") is commonly referred to as "6109 Evergreen Way, Ferndale, Washington 98248," and is more particularly described as follows:

> Lot 1, as delineated on Baycor Short Plat, according to the plat thereof, recorded August 22, 2005, under the Auditor's File No. 2050804879, records of Whatcom County, Washington.
>
> Situate in Whatcom County, Washington.
>
> Assessor's Tax Parcel No. 3902180470220000.

14. On September 30, 1991, Mr. Gould purchased the Subject Property by warranty deed.

15. On May 12, 1998, Mr. Gould purported to transfer the Subject Property to Brookline Properties for "capital unity of indeterminable value," via a quit claim deed recorded with the Whatcom County Auditor.

16. On August 22, 2005, Brookline Properties purported to subdivide the Subject Property, recording a "Baycor Short Plat" on the Subject Property upon declaration of "Patrick Shannon, trustee of Brookline Properties."

## FEDERAL TAX LIABILITIES AND LIENS

17. On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Defendant David A. Gould for unpaid federal income taxes, penalties, costs, and interest:

| Tax Year | Assessment Date | Assessment Amount | | Unpaid Balance as of June 30, 2015 |
|---|---|---|---|---|
| 2000 | 02/16/2009 | Income Taxes: | $8,089.00 | |
| | 02/16/2009 | Estimated Tax Penalty: | $435.06 | |
| | 02/16/2009 | Late Filing Penalty: | $1,820.03 | |
| | 02/16/2009 | Interest: | $6,146.40 | |
| | 02/16/2009 | Failure to Pay Penalty: | $2,022.25 | |
| | | Fees and Collection Costs: | $124.00 | $22,858.63 |
| | | Fees and Collection Costs: | $46.00 | |
| | | Fees and Collection Costs: | $64.00 | |
| | 12/09/2013 | Interest: | $3,438.17 | |
| | 12/08/2014 | Interest: | $673.72 | |
| 2001 | 02/16/2009 | Income Taxes: | $4,281.00 | |
| | 02/16/2009 | Estimated Tax Penalty: | $171.03 | |
| | 02/16/2009 | Late Filing Penalty: | $962.78 | $11,217.73 |
| | 02/16/2009 | Interest: | $2,709.63 | |
| | 12/09/2013 | Interest: | $1,694.92 | |
| | 12/08/2014 | Interest: | $330.62 | |
| 2002 | 02/16/2009 | Income Taxes: | $22,487.00 | |
| | 02/16/2009 | Failure to Pay Penalty: | $5,621.75 | |
| | 02/16/2009 | Estimated Tax Penalty: | $751.46 | |
| | 02/16/2009 | Late Filing Penalty: | $5,059.59 | $55,940.56 |
| | 02/16/2009 | Interest: | $11,919.83 | |
| | 12/09/2013 | Interest: | $8,452.18 | |
| | 12/08/2014 | Interest: | $1,648.76 | |
| 2003 | 02/16/2009 | Income Taxes: | $44,112.00 | |
| | 02/16/2009 | Failure to Pay Penalty: | $11,028.10 | |
| | 02/16/2009 | Estimated Tax Penalty: | $1,138.15 | $105,161.71 |
| | 02/16/2009 | Late Filing Penalty: | $9,923.29 | |
| | 12/09/2013 | Interest: | $19,969.57 | |
| | 12/08/2014 | Interest: | $3,099.48 | |
| 2004 | 02/16/2009 | Income Taxes: | $7,608.00 | |
| | 02/16/2009 | Failure to Pay Penalty: | $1,597.68 | $17,065.31 |
| | 02/16/2009 | Estimated Tax Penalty: | $218.00 | |
| | 02/16/2009 | Late Filing Penalty: | $1,711.80 | |

| Tax Year | Assessment Date | Assessment Amount | | Unpaid Balance as of June 30, 2015 |
|---|---|---|---|---|
| | 02/16/2009 | Interest: | $2,848.42 | |
| | 12/09/2013 | Interest: | $2,578.44 | |
| | 12/08/2014 | Interest: | $502.97 | |

18. On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Defendant Jane C. Polinder for unpaid federal income taxes, penalties, costs, and interest:

| Tax Year | Assessment Date | Assessment Amount | | Unpaid Balance as of June 30, 2015 |
|---|---|---|---|---|
| 2000 | 02/16/2009 | Income Taxes: | $4,339.00 | |
| | 02/16/2009 | Estimated Tax Penalty: | $233.39 | |
| | 02/16/2009 | Late Filing Penalty: | $976.28 | |
| | 02/16/2009 | Interest: | $3,296.98 | |
| | 02/16/2009 | Failure to Pay Penalty: | $1,084.75 | $12,304.38 |
| | | Fees and Collection Costs: | $124.00 | |
| | | Fees and Collection Costs: | $64.00 | |
| | 11/11/2013 | Interest: | $1,823.33 | |
| | 11/10/2014 | Interest: | $362.65 | |
| 2001 | 02/16/2009 | Income Taxes: | $1,826.00 | |
| | 02/16/2009 | Late Filing Penalty: | $410.40 | |
| | 02/16/2009 | Interest: | $1,155.05 | |
| | 02/16/2009 | Failure to Pay Penalty: | $456.00 | $4,682.02 |
| | 11/11/2013 | Interest: | $698.58 | |
| | 11/10/2014 | Interest: | $137.99 | |
| 2002 | 02/16/2009 | Income Taxes: | $11,296.00 | |
| | 02/16/2009 | Estimated Tax Penalty: | $377.50 | |
| | 02/16/2009 | Late Filing Penalty: | $2,541.60 | |
| | 02/16/2009 | Interest: | $5,987.73 | $28,036.29 |
| | 02/16/2009 | Failure to Pay Penalty: | $2,824.00 | |
| | 11/11/2013 | Interest: | $4,183.14 | |
| | 11/10/2014 | Interest: | $826.32 | |
| 2003 | 02/16/2009 | Income Taxes: | $39,365.00 | |
| | 02/16/2009 | Failure to Pay Penalty: | $9,841.16 | |
| | 02/16/2009 | Estimated Tax Penalty: | $1,015.67 | |
| | 02/16/2009 | Late Filing Penalty: | $8,857.05 | $93,628.79 |
| | 02/16/2009 | Interest: | $17,820.52 | |
| | 11/11/2013 | Interest: | $13,969.82 | |
| | 11/10/2014 | Interest: | $2,759.57 | |
| 2004 | 02/16/2009 | Income Taxes: | $1,979.00 | |
| | 02/16/2009 | Failure to Pay Penalty: | $415.59 | |
| | 02/16/2009 | Late Filing Penalty: | $445.28 | |
| | 02/16/2009 | Interest: | $740.95 | $4,359.83 |
| | 11/11/2013 | Interest: | $650.50 | |
| | 11/10/2014 | Interest: | $128.51 | |

19. On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of the Treasury made timely federal tax assessments for civil penalties and interest against Jane C. Polinder:

| Tax Year | Assessment Date | Assessment Amount | | Unpaid Balance as of June 30, 2015 |
|---|---|---|---|---|
| 2000 | 05/30/2011 | Frivolous Filing Penalty: | $5,000.00 | $5,751.68 |
|  |  | Fees and Collection Costs: | $170.00 |  |
|  | 11/11/2013 | Interest: | $412.15 |  |
|  | 11/10/2014 | Interest: | $169.53 |  |
| 2001 | 05/30/2011 | Frivolous Filing Penalty: | $5,000.00 | $5,563.80 |
|  | 11/11/2013 | Interest: | $399.81 |  |
|  | 11/10/2014 | Interest: | $163.99 |  |
| 2002 | 05/30/2011 | Frivolous Filing Penalty: | $5,000.00 | $5,563.80 |
|  | 11/11/2013 | Interest: | $399.81 |  |
|  | 11/10/2014 | Interest: | $163.99 |  |
| 2003 | 05/30/2011 | Frivolous Filing Penalty: | $5,000.00 | $5,563.80 |
|  | 11/11/2013 | Interest: | $399.81 |  |
|  | 11/10/2014 | Interest: | $163.99 |  |
| 2004 | 05/30/2011 | Frivolous Filing Penalty: | $5,000.00 | $5,563.80 |
|  | 11/11/2013 | Interest: | $399.81 |  |
|  | 11/10/2014 | Interest: | $163.99 |  |

20. Since the dates of the assessments described in paragraphs 17 through 19 above, interest and other statutory additions have continued to accrue. As of June 30, 2015, Mr. Gould owed $212,243.94 in federal income tax liabilities, and Ms. Polinder owed $171,078.19 in federal income tax liabilities.

21. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for the unpaid taxes, interest, and penalties listed in paragraphs 17 through 19 above arose on the dates of the assessments and attached to all of Mr. Gould's and Ms. Polinder's property and rights to property, including the Subject Property.

22. In accordance with 26 U.S.C. § 6323(f), on August 31, 2009, the IRS recorded with the Whatcom County Auditor Notices of Federal Tax Liens against David A. Gould for the 2000 through 2004 tax years.

23. In accordance with 26 U.S.C. § 6323(f), on October 5, 2009, and on July 7, 2011, the IRS recorded with the Whatcom County Auditor Notices of Federal Tax Liens against Jane C. Polinder for the 2000 through 2004 tax years.

24. In accordance with 26 U.S.C. § 6323(f), on April 16, 2013, the IRS recorded with the Whatcom County Auditor Notices of Federal Tax Liens against Brookline Properties, as nominee of David A. Gould, for the 2000 through 2004 tax years.

25. In accordance with 26 U.S.C. § 6323(f), on April 16, 2013, the IRS recorded with the Whatcom County Auditor Notices of Federal Tax Liens against Brookline Properties, as nominee of Jane C. Polinder, for the 2000 through 2004 tax years.

## COUNT 1:
## TO REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS
## AGAINST DAVID A. GOULD

26. The United States incorporates the allegations stated in paragraphs 1 through 25 as if fully stated here.

27. The IRS provided Mr. Gould timely notice of the assessments listed in paragraph 17 above and made demand for payment, as required under 26 U.S.C. § 6303.

28. Despite timely notice and demand for payment, Mr. Gould has neglected or refused to pay the assessments, which remain outstanding.

29. Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Mr. Gould for the unpaid balance of these assessments, plus interest and other statutory additions that continue to accrue on the balance.

## COUNT 2:
## TO REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS
## AGAINST JANE C. POLINDER

30. The United States incorporates the allegations stated in paragraphs 1 through 29 as if fully stated here.

31. The IRS provided Ms. Polinder timely notice of the assessments listed in paragraphs 18 and 19 above and made demand for payment, as required under 26 U.S.C. § 6303.

32. Despite timely notice and demand for payment, Ms. Polinder has neglected or refused to pay the assessments, which remain outstanding.

33. Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Ms. Polinder for the unpaid balance of these assessments, plus interest and other statutory additions that continue to accrue on the balance.

**COUNT 3:**
**TO SET ASIDE FRAUDULENT TRANSFER OF SUBJECT PROPERTY**

34. The United States incorporates the allegations stated in paragraphs 1 through 33 as if fully stated here.

35. Mr. Gould's purported transfer of the Subject Property to Brookline Properties, as described in paragraph 15 above, involved inadequate or no consideration.

36. After the transfer of the Subject Property, Mr. Gould and Ms. Polinder were insolvent and unable to pay their debts as they became due.

37. Mr. Gould's purported transfer of the Subject Property constitutes a fraudulent transfer as to the United States under the Washington Uniform Fraudulent Transfer Act, RCW § 19.40.011, *et seq.*, because (1) Mr. Gould made the transfer with actual intent to hinder, delay, or defraud creditors, and (2) Mr. Gould did not receive a reasonably equivalent value in exchange for the transfer, and was about to incur debts beyond his ability to pay. As such, under RCW § 19.40.071, the purported transfer is void and should be set aside.

**COUNT 4:**
**TO OBTAIN JUDGMENT THAT BROOKLINE PROPERTIES**
**IS THE NOMINEE OR ALTER EGO OF**
**DAVID A. GOULD AND JANE C. POLINDER**

38. The United States incorporates the allegations stated in paragraphs 1 through 37 as if fully stated here.

39. Despite the purported transfer of the Subject Property described in paragraph 15 above, which involved nominal or no consideration, Mr. Gould and Ms. Polinder at all times have retained continuous possession and full enjoyment of, and have exercised complete control over, the Subject Property. Ms. Polinder continues to reside on the Subject Property.

40. At all relevant times, Mr. Gould and Ms. Polinder bore the burdens of ownership of the Subject Property.

41. To the extent Brookline Properties holds title to the Subject Property, it does so as a nominee or alter ego of Mr. Gould and/or Ms. Polinder.

**COUNT 5:**
**TO FORECLOSE FEDERAL TAX LIENS AGAINST THE**
**SUBJECT PROPERTY AND ORDER JUDICIAL SALE**

42. The United States incorporates the allegations stated in paragraphs 1 through 41 as if fully stated here.

43. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for the unpaid taxes, interest, and penalties listed in paragraphs 17 through 19 above arose on the dates of the assessments and attached to all of Mr. Gould's and Ms. Polinder's property and rights to property, including the Subject Property.

44. The tax liens arising from these assessments continue to attach to the Subject Property.

45. These tax liens have priority over all interests in the Subject Property acquired after the tax liens' attachment, subject to the provisions of 26 U.S.C. § 6323(a).

46. Pursuant to 28 U.S.C. § 7403(c), the United States is entitled to foreclosure of these tax liens and an order of sale of the Subject Property to enforce the liens.

**REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully requests the following relief:

A. Judgment in favor of the United States and against David A. Gould for his unpaid federal income tax liabilities in the amount of $212,243.94, as of June 30, 2015, plus interest and other statutory additions;

B. Judgment in favor of the United States and against Jane C. Polinder for her unpaid federal income tax liabilities in the amount of $171,078.19, as of June 30, 2015, plus interest and other statutory additions;

C. Judgment that, by virtue of the unpaid assessments described in paragraphs 17 through 19 above, the United States has valid and subsisting federal tax liens on all property and rights to property belonging to David Gould and to Jane Polinder, whether real or personal, wherever located, and whether presently held or acquired in the future, including the Subject Property;

D. Judgment that to the extent David Gould transferred the Subject Property to Brookline Properties, such transfer constitutes a fraudulent transfer as against the United States, pursuant to RCW § 19.40.041, and is void under RCW § 19.40.071;

E. Judgment that to the extent Brookline Properties holds title to the Subject Property, it does so as David Gould's and/or Jane Polinder's nominee or alter ego, and that the United States' tax liens attach to the Subject Property;

F. An order foreclosing the federal tax liens encumbering the Subject Property and directing that the Subject Property be sold to satisfy David Gould's and Jane Polinder's outstanding federal tax liabilities, subject to the remaining defendants' rights in the Subject Property;

G. An order determining the validity and priority of all other liens and interests in the Subject Property and directing that the proceeds from any judicial sale of such property be distributed accordingly;

H. A deficiency judgment in favor of the United States in the amount of any tax indebtedness not satisfied by the Subject Property's sale; and

I. An order granting the United States its costs in bringing this action, and for such other relief as the Court deems just.

Dated:  September 11, 2017

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ *Charles J. Butler*
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-514-6062 (v)
202-307-0054 (f)
Charles.J.Butler@usdoj.gov

Of Counsel:
ANNETTE L. HAYES
United States Attorney
Western District of Washington

Attorneys for the United States of America