Honorable Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:16-cv-1041-TSZ |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' OPPOSITION TO** |
| | ) | **DEFENDANT DAVID GOULD'S** |
| v. | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| DAVID A. GOULD, et al., | ) | |
| | ) | **Note on Motions Calendar:** |
| Defendants. | ) | **July 23, 2018** |
| | ) | |

The United States hereby submits this opposition to Defendant David Gould's motion for summary judgment.

In his motion, Mr. Gould makes frivolous claims in an attempt to nullify the IRS's valid tax assessments against him for the 2000 through 2004 years and deprive this Court of jurisdiction to rule on those assessments. This past November, Mr. Gould filed his tax returns for 2000 through 2004 – twelve to sixteen years after the deadlines for filing them. Mr. Gould asserts that these recently filed returns moot the assessments that the IRS already has made against him for those years. He further asserts that the IRS must process his recently filed returns and provide him the opportunity to challenge, in the Tax Court, any IRS determination that does not comport with the returns.

UNITED STATES' OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-1041-TSZ

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1    As explained below, Mr. Gould's assertions are incorrect.  First, contrary to what Mr.

2  Gould states, the filing of a tax return does not automatically trigger an IRS determination on tax

3  liability based on that return.  Rather, under 26 U.S.C. § 6501, the filing of a return simply starts

4  the running of the three-year period in which the IRS can assess taxes.  That three-year period

5  does not apply here because the IRS already had assessed taxes for the years at issue.  In fact,

6  because Mr. Gould failed to file returns for those years, the IRS prepared returns pursuant to 26

7  U.S.C. § 6020(b) and, based on the § 6020(b) returns, made assessments against him for 2000

8  through 2004.  The § 6020(b) returns are sufficient for all legal purposes.  Mr. Gould's late-filed

9  returns thus have no effect on the § 6020(b) returns or on the existing assessments.

10    Second, in seeking to nullify the tax assessments against him, Mr. Gould essentially asks

11  this Court to abate those assessments based on his recently filed returns.  Section 6404(b) of the

12  Tax Code, however, specifically prohibits claims for abatement of income tax assessments.  The

13  Court thus lacks jurisdiction to entertain Mr. Gould's request.

14    For these reasons, Mr. Gould is not entitled to judgment as a matter of law.  The Court,

15  therefore, should deny Mr. Gould's motion for summary judgment.

16                              **UNDISPUTED MATERIAL FACTS**

17    In the early 2000s, the IRS began investigating Mr. Gould because it suspected him of

18  using offshore accounts to conceal taxable income.  *See* Declaration of Charles J. Butler ("Butler

19  Dec.") ¶ 2, Ex. 1.  Given that Mr. Gould did not file tax returns for the 2000 through 2004 years,

20  the IRS prepared returns for those years pursuant to 26 U.S.C. § 6020(b).  *See* Butler Dec. ¶ 3,

21  Exs. 2-6.  The IRS prepared the § 6020(b) returns based on analyses of bank deposits and checks,

22  other financial records, rental property records, records pertaining to businesses that Mr. Gould

23  had created or been involved with, and other evidence the IRS had gathered.  *See id.*

24    On September 22, 2008, based on the § 6020(b) returns, the IRS issued Mr. Gould a

25  Notice of Deficiency with respect to the 2000 through 2004 years.  The Notice included a report

26  explaining how the IRS had calculated the deficiencies for each of these years.  *See id.* ¶ 4, Ex. 7.

UNITED STATES' OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-1041-TSZ

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

On October 9, 2008, the IRS received from Mr. Gould a letter disputing the determinations in the report and otherwise making frivolous claims and demands. *See id.* ¶ 5, Ex. 8. Mr. Gould, however, did not file a petition with the Tax Court contesting the deficiency determinations. *See id.* ¶ 6. On February 16, 2009, based on the § 6020(b) returns, the IRS made tax assessments against Mr. Gould for the 2000 through 2004 years. *See id.* ¶ 7, Ex. 9.

On July 6, 2016, the United States brought this action to (1) reduce to judgment the tax assessments against Mr. Gould (as well as the tax assessments against his former wife, Defendant Jane Polinder) and (2) foreclose the related federal tax liens on real property located in Whatcom County, Washington, and owned by Mr. Gould and Ms. Polinder. On October 24, 2017, over a year after the United States had brought this action, Lofton Burris filed on Mr. Gould's behalf tax returns prepared for Mr. Gould for the 2000 through 2004 years. *See* Dkt. 67-3 through Dkt. 67-7. Mr. Gould has admitted that he does not possess any documents supporting the positions taken in these returns. *See id.* ¶ 8, Ex. 10.

On June 16, 2018, Mr. Gould emailed counsel for the United States, asking the United States to stipulate to a stay of this action pending the IRS's determination on his recently filed tax returns and "exhaustion of appeals in the tax court." *See* Butler Dec. ¶ 9, Ex. 11. In response to Mr. Gould's request, the United States' counsel stated the following:

> Your claims regarding your recently filed returns and the Court's jurisdiction are frivolous. First, filing returns over 14 years after they're due for the tax years at issue in this action does not "moot" the IRS's assessments for those years. If you had wished to challenge those assessments in the Tax Court, you should have done so within the statutory period, which expired several years ago. Because the United States brought an action in U.S. District Court to reduce the IRS's assessments to judgment, the question of your tax liability for the years at issue is properly before the U.S. District Court. Accordingly, the IRS will not process your recently filed returns.[1]

---

[1] Contrary to what Mr. Gould states in his motion, counsel for the United States did not "instruct" the IRS not to process his recently filed returns. Rather, counsel informed Mr. Gould that the IRS would not be doing so.

UNITED STATES' OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-1041-TSZ

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1   *Id.*  Counsel also made clear to Mr. Gould that the United States would not stipulate to a stay of

2   this action.  Mr. Gould then brought this motion on June 21, 2018.[2]

3   <u>**SUMMARY JUDGMENT STANDARD**</u>

4          Summary judgment is appropriate if the evidence demonstrates "there is no genuine

5   dispute as to any material fact and the movant is entitled to judgment as a matter of law."

6   Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County*

7   *of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party must show the absence of a

8   material factual dispute and that he should prevail as a matter of law.  *See Celotex*, 477 U.S. at

9   323.  In addition, the Court must "view the facts and draw reasonable inferences in the light most

10  favorable to the [non-moving] party."  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

11  <u>**ARGUMENT**</u>

12         In this case, Mr. Gould has not demonstrated that he should prevail as a matter of law.

13  He cannot do so because the relevant law does not support his claims.

14         Mr. Gould asserts that the tax returns he filed in November 2017 for the 2000 through

15  2004 tax years nullify the assessments that, in 2009, the IRS made against him for those years.

16  Those assessments are the subject of this litigation.  Mr. Gould also claims that his recently filed

17  returns divest this Court of jurisdiction to rule on the validity of the assessments.  According to

18  Mr. Gould, the IRS must process the recently filed returns, and he must have the opportunity to

19  challenge, in the Tax Court, any adverse IRS determination.

20         Mr. Gould has cited no statute or case that supports his claims.  To the contrary, as

21  explained below, relevant law makes clear that Mr. Gould's recently filed returns have no effect

22

23  ———————————————

24  [2] Mr. Gould filed his summary judgment motion the day before his deposition, noticed pursuant to the
    Court's order of May 4, 2018 (Dkt. 64).  Mr. Gould did not appear for that deposition.  The United States

25  intends to seek sanctions against Mr. Gould for his violation of the Court's order and his failure to appear.

26

UNITED STATES' OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-1041-TSZ

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

on the existing tax assessments against him.  The IRS based those assessments on § 6020(b)

returns, which are sufficient for all legal purposes.  Moreover, in asking the Court to nullify the

assessments against him, Mr. Gould essentially seeks an abatement of those assessments.  The

Tax Code specifically prohibits such claims for abatement.

The Court, therefore, should deny Mr. Gould's motion.

I.    **Mr. Gould's Recently Filed Returns Have No Effect on the Existing Tax Assessments, Which Are Based on Presumptively Valid § 6020(b) Returns.**

Mr. Gould has cited no authority to support his claim that filing a tax return – no matter

how many years after the statutory deadline – nullifies any assessment for the year at issue.  He

likewise has cited nothing to support his claim that the IRS must process a return filed after

assessment and afford the taxpayer an opportunity to challenge the resulting IRS determinations

in Tax Court.  Mr. Gould, in fact, cannot do so because relevant law makes clear that late-filed

returns have no effect on existing tax assessments.

Contrary to Mr. Gould's assertion, the filing of a tax return does not automatically trigger

an IRS determination on tax liability based on that return.  Rather, the filing of a return simply

starts the running of the three-year period in which the IRS can assess taxes.  *See* 26 U.S.C.

§ 6501(a); *cf. Remington v. United States*, 210 F.3d 281, 284 (5th Cir. 2000) (stating that the

"law is well established that the filing of a return does not constitute the assessment of tax").  In

cases such as this, where the taxpayer does not file a return as required, the IRS may assess tax at

any time.  *See* 26 U.S.C. § 6501(c)(3).  Moreover, where the taxpayer does not file a return as

required, the IRS has the authority to prepare a return for that taxpayer.  *See* 26 U.S.C.

§ 6020(b)(1) ("If any person fails to make any return required by any internal revenue law or

regulation . . . the [IRS] shall make such return from [its] own knowledge and from such

information as [it] can obtain through testimony or otherwise."); *see also Rodriguez v.*

*Commissioner of Internal Revenue*, 97 T.C.M. (CCH) 1090, 2009 WL 211430, at *2 (T.C. Jan.

UNITED STATES' OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-1041-TSZ

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1  29, 2009) ("[T]he IRS has full authority to prepare [a § 6020(b) return] for anyone who fails to

2  file his own return.").

3          Because Mr. Gould did not file returns for the 2000 through 2004 years, the IRS prepared

4  § 6020(b) returns to determine his liability for those years.  The § 6020(b) returns are

5  presumptively valid and serve as Mr. Gould's original returns.  *See* 26 U.S.C. § 6020(b)(2)

6  ("Any [§ 6020(b) return] . . . shall be prima facie good and sufficient for all legal purposes.");

7  *see also Whittington v. Commissioner of Internal Revenue*, 698 Fed. Appx. 515 (9th Cir. 2017).

8  For instance, under 26 U.S.C. § 6651(g)(2), a § 6020(b) return "shall be treated as the return filed

9  by the taxpayer for purposes of determining the amount of the addition" to tax for failure to pay

10  tax by the deadline.  Accordingly, Mr. Gould's late-filed returns do not supersede the § 6020(b)

11  returns the IRS has prepared.  *See Rodriguez*, 97 T.C.M. (CCH) 1090, 2009 WL 211430, at *2

12  ("[L]ate-filed 1040s [income tax returns] simply do not take precedence over [§ 6020(b)

13  returns]."); *cf. In re Smith*, 828 F.3d 1094, 1097 (9th Cir. 2016) (filing tax return seven years

14  after deadline, and three years after IRS had issued assessment, was not an "honest and

15  reasonable attempt to comply with the tax code").

16          Given that the § 6020(b) returns are sufficient for all legal purposes and serve as Mr.

17  Gould's original returns for the years at issue, Mr. Gould's recently filed returns for those years

18  essentially amount to amended returns.  Nothing, however, requires the IRS to accept and

19  process amended returns.  *See Fayeghi v. Commissioner of Internal Revenue*, 211 F.3d 504, 507

20  (9th Cir. 2000) (stating that the IRS "may, as a matter of internal administration, decide to accept

21  amended returns for limited purposes," but "is not statutorily required to do so, or to treat an

22  amended return as superseding an original return") (internal citation omitted).  The Ninth Circuit

23  has made clear that "the filing of an amended return has no effect on the assessment and

24  collection process."  *Id.* (quoting *Knoefler v. Schneider*, 565 F.2d 1072, 1073 (9th Cir. 1977)).

25          Mr. Gould's recently filed returns, therefore, have no effect on the existing assessments

26  against him, based on the § 6020(b) returns.  Given that the United States brought this action to

UNITED STATES' OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-1041-TSZ

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1  reduce those assessments to judgment, this Court retains jurisdiction to determine the validity of

2  those assessments pursuant to 26 U.S.C. §§ 7402(a) and 7403 and 28 U.S.C. §§ 1340 and 1345.

3       Mr. Gould cites no statute or case to support his claims that his late-filed returns

4  supersede the § 6020(b) returns and moot the assessments against him or otherwise deprive this

5  Court of jurisdiction to determine the validity of the assessments against him.  Instead, Mr.

6  Gould relies solely on what appear to be two IRS informational publications (Dkts. 67-1 and 67-

7  2).  First, Mr. Gould has provided nothing to indicate that the IRS actually created these

8  documents or, if it did, when.  But even assuming the documents are genuine IRS publications,

9  they do not state that late-filed returns will supersede § 6020(b) returns or nullify existing

10  assessments, as Mr. Gould claims.  They simply encourage taxpayers to file returns even if late.[3]

11  And in any event, no matter what the publications say, they do not have the effect of law.  *See*

12  *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 147 (2d Cir. 2013) ("IRS

13  publications . . . do not have the force of law.") (internal quotes omitted); *Ward v. Commissioner*

14  *of Internal Revenue*, 784 F.2d 1424, 1430-31 (9th Cir. 1986) (IRS "statements of policy or rules

15  of agency organization, procedure or practice" do not carry "the force and effect of law");

16  *Facebook, Inc. v. Internal Revenue Svc.*, No. 17-cv-06490, 2018 WL 2215743, at *12  (N.D. Cal.

17  2018) (IRS publications "are not binding and do not have the force of law").

18       Mr. Gould thus has pointed to nothing to contradict the statutory and case law that makes

19  clear he is not entitled to judgment based on his recently filed tax returns.  For this reason alone,

20  the Court should deny Mr. Gould's motion.

21

22  [3] One of the documents (Dkt. 67-1) states the following: "If the IRS files a substitute return, it is still in
your best interest to file your own tax return to take advantage of any exemptions, credits and deductions

23  you are entitled to receive.  The IRS will generally adjust your account to reflect the correct figures."  It
does not state, however, that the IRS will adjust accounts in *all* cases, such as when a taxpayer submits

24  returns with no supporting documentation almost a decade after the IRS has made assessments that
already are the subject of litigation.

25

26

UNITED STATES' OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-1041-TSZ

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1   **II.     Mr. Gould Seeks an Abatement of Tax, Which § 6404(b) Specifically Prohibits.**

2           The Court should deny Mr. Gould's motion on the additional basis that it improperly

3   seeks an abatement of income tax.  Through his motion, Mr. Gould seeks to have the Court

4   nullify the tax assessments against him based on his recently filed returns.  In actuality, therefore,

5   Mr. Gould asks this Court to abate the IRS's income tax assessments against him and force the

6   IRS to make any assessments based on his recently filed returns.  Section 6404(b) of the Tax

7   Code, however, specifically prohibits claims for abatement of income tax assessments.  The

8   Court thus lacks jurisdiction to entertain Mr. Gould's request.

9           26 U.S.C. § 6404(b) states the following:  "No claim for abatement shall be filed by a

10  taxpayer in respect of any assessment of any tax imposed under subtitle A," which refers to

11  income taxes.  Courts uniformly have interpreted this statute in accordance with its plain

12  language, as meaning that courts have no jurisdiction to hear claims for abatement.  *See*, *e.g.*,

13  *Bax v. Commissioner of Internal Revenue*, 13 F.3d 54, 58 (2d. Cir. 1993) (holding that § 6404(b)

14  "expressly bars abatement claims"); *Brooks v. United States*, No. 10-3541, 2011 WL 3473999, at

15  *3 (N.D. Cal. Aug. 9, 2011)   ("[A]batement of income tax is a matter of administrative

16  discretion not subject to judicial review."); *Krugman v. Commissioner of Internal Revenue*, 112

17  T.C. 230, 237 (1999) (under § 6404(b), the Tax Court has no jurisdiction to review petitioner's

18  claim for abatement of additions to tax).

19          The Court, therefore, has no jurisdiction to hear Mr. Gould's request for abatement of the

20  IRS's income tax assessments against him for the 2000 through 2004 years.  For this reason as

21  well, the Court should deny Mr. Gould's motion.

22                                      **CONCLUSION**

23          For the foregoing reasons, the United States respectfully requests that the Court deny Mr.

24  Gould's motion for summary judgment.

25

26

UNITED STATES' OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-1041-TSZ

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

1    Dated:  July 11, 2018                      Respectfully submitted,

2                                               RICHARD E. ZUCKERMAN
3                                               Principal Deputy Assistant Attorney General

4                                               */s/ Charles J. Butler*
                                                CHARLES J. BUTLER
5                                               Trial Attorney, Tax Division
                                                U.S. Department of Justice
6                                               P.O. Box 683
7                                               Washington, D.C.  20044
                                                202-514-6062 (v)
8                                               202-307-0054 (f)
                                                Charles.J.Butler@usdoj.gov
9
                                                Of Counsel:
10                                              ANNETTE L. HAYES
                                                United States Attorney
11                                              Western District of Washington
12
                                                Attorneys for the United States of America
13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES' OPPOSITION TO                    9                    **U.S. DEPARTMENT OF JUSTICE**
MOTION FOR SUMMARY JUDGMENT                                          Tax Division, Western Region
Case No. 2:16-cv-1041-TSZ                                            P.O. Box 683
                                                                    Washington, D.C.  20044
                                                                    Telephone: 202-514-6062

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on July 11, 2018, I filed the foregoing with the Clerk of Court using

3   the CM/ECF system, which will provide electronic notice to all parties that have appeared in this

4   action.

5

6

7                                *s/ Charles J. Butler*

8                                CHARLES J. BUTLER

9                                Trial Attorney, Tax Division
                             U.S. Department of Justice

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES' OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No. 2:16-cv-1041-TSZ

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062