Honorable Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:16-cv-1041-TSZ |
| ) | |
| Plaintiff, ) | **MOTION FOR LEAVE TO SERVE** |
| ) | **BY PUBLICATION AND FOR** |
| v. ) | **EXTENSION OF TIME TO SERVE** |
| ) | |
| DAVID A. GOULD, et al., ) | **Note on Motions Calendar:** |
| ) | **October 12, 2018** |
| Defendants. ) | |
| _____) | |

The United States of America hereby moves for an order under 28 U.S.C. § 1655 compelling the following defendants to appear or plead by a day certain: Brookline Properties; Financial Concepts, Ltd.; and Goldstar Enterprises, Inc. In addition, the United States moves for leave to serve that order by publication and for an extension of time to effect service. As explained below, following the discovery the United States was able to conduct in this action, the United States has determined that these defendants, to the extent they exist, do not have known addresses or representatives and are not susceptible to any other means of service.

## BACKGROUND

On July 6, 2016, the United States brought this action to (1) reduce to judgment outstanding federal tax assessments against defendants David A. Gould and Jane C. Polinder and

MOTION FOR LEAVE TO SERVE BY PUBLICATION    1
Case No. 2:16-cv-1041-TSZ

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

(2) foreclose the related federal tax liens on certain real property (the "Subject Property") located in Whatcom County, Washington, and owned by Mr. Gould and Ms. Polinder, to satisfy, in part, these federal tax debts.  The United States named the following entities as defendants in this action, pursuant to 26 U.S.C. § 7403(b), because, as explained below, if these entities exist, they may claim an interest in the Subject Property:  Brookline Properties; Financial Concepts, Ltd.; and Goldstar Enterprises, Inc.

On May 12, 1998, for instance, Mr. Gould purported to transfer the Subject Property to an entity named "Brookline Properties, Inc.," for "capital unity of indeterminable value," via a quit claim deed recorded with the Whatcom County Auditor.  *See* Declaration of Charles J. Butler ("Butler Dec.") ¶ 4.  According to subsequent records that he filed in Whatcom County, Mr. Gould, through Brookline Properties, also purported to transfer interests in the Subject Property to entities named "Financial Concepts, Ltd.," and "Goldstar Enterprises, Inc."  *See id*.

After a diligent search through public and other records available to the IRS, the United States had been unable to locate an address or agent of Brookline Properties, Financial Concepts, or Goldstar Enterprises.  *See* Butler Dec. ¶¶ 5, 6.  On July 22, 2016, the United States thus filed a motion for leave to serve these entities by publication. (Dkt. 10.)  On August 9, 2016, the Court denied this motion, without prejudice, based on information provided in Ms. Polinder's Answer (Dkt. 12) and other information the Court had obtained.  (*See* Dkt. 13.)  As the United States indicated in subsequent filings, it thus sought to obtain more information on the entities through discovery, including depositions of Ms. Polinder, Mr. Gould, and third parties, and possibly to make other attempts at serving the entities, before again requesting leave to serve them by publication.  *See* Butler Dec. ¶ 7.

The United States has since deposed Ms. Polinder as well as Patrick Shannon, who used to be the "trustee" for Brookline Properties.  The United States could not depose Mr. Gould, who failed to appear for deposition.  In addition, the United States has made other efforts either to serve the entities or locate a current address or representative for them.  As explained below,

MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

after gathering information through discovery and making these additional efforts, the United States remains unable to serve or locate a current address or representative for Financial Concepts, Goldstar Enterprises, or Brookline Properties.

Efforts Regarding Financial Concepts

As the Court stated in its Order, documents recorded with the Whatcom County Auditor indicate that Financial Concepts may have received mail at P.O. Box 4622, South Colby, Washington. Accordingly, on September 8, 2016, the United States sent to the South Colby Postmaster a request for boxholder information for Box 4622. *See* Butler Dec. ¶ 8. That same day, the Postmaster responded with information indicating that Patrick Kelly used Box 4622 for an organization called "Freedom Center USA" from March 1, 2002, until April 11, 2010. Box 4622 was then closed until July 30, 2013, when Brandy Lange began using it until February 2, 2015. Since then, Box 4622 has remained closed. *See id.*

In his interrogatory responses, Mr. Gould identified a "P. Kelly" as someone who may have information relevant to this action. Mr. Gould provided P. Kelly's contact information as follows: "Financial Concepts Ltd., PO Box 4622, South Colby, WA 98384, current telephone unknown." *Id.* ¶ 9, Ex. 2. This post office box matches what Patrick Kelly used for Freedom Center USA from 2002 to 2010. The United States, however, has been unable to locate Patrick Kelly (he is not at the address on record with the Postmaster) or any "P. Kelly" associated with Financial Concepts. *See id.* ¶ 9. In addition, Brandy Lange, who used Box 4622 after Patrick Kelly, informed counsel for the United States that she knows nothing about Financial Concepts. *See id.* ¶ 10.

On June 30, 2017, the United States deposed Ms. Polinder, and on July 25, 2017, the United States deposed Patrick Shannon. Neither could provide helpful information pertaining to Financial Concepts. *See id.* ¶¶ 15, 16.

MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

In amended and additional discovery responses, Mr. Gould provided no further information on Financial Concepts. The United States intended to question Mr. Gould on this entity at deposition. Mr. Gould, however, failed to appear for deposition. *See id.* ¶ 18.

<u>Efforts Regarding Goldstar Enterprises</u>

As the Court's Order also stated, documents recorded with the Whatcom County Auditor indicate that Goldstar Enterprises may have received mail at P.O. Box 31248, Bellingham, Washington. Accordingly, on September 8, 2016, the United States sent to the Bellingham Postmaster a request for boxholder information for Box 31248. *See* Butler Dec. ¶ 13. On September 22, 2016, the Postmaster responded with information indicating that Ryan Davis has used Box 31248 for an organization called "Rads Sauce LLC" since April 9, 2015. *See id.* Ryan Davis informed counsel for the United States that he knows nothing about Goldstar Enterprises.

In addition, during their depositions, neither Ms. Polinder nor Mr. Shannon could provide helpful information pertaining to Goldstar Enterprises. *See id.* ¶¶ 15, 16. Likewise, in amended and additional discovery responses, Mr. Gould provided no relevant information on Goldstar Enterprises. The United States intended to question Mr. Gould on this entity at deposition. Mr. Gould, however, failed to appear for deposition. *See id.* ¶ 18.

<u>Efforts Regarding Brookline Properties</u>

As the Court's Order also stated, documents recorded with the Whatcom County Auditor indicate that Brookline Properties once had an address at 3510 NE Third Avenue, #100-233A, Camas, Washington 98607. Accordingly, on September 15, 2016, the United States attempted to serve Brookline Properties at that address. *See* Butler Dec. ¶ 13. The process server, however, could not effect service because the property there was vacant. The most recent occupant at that address apparently was a Postal Plus store. *See id.*

Apart from the Camas address, Mr. Gould's interrogatory responses had identified Patrick Shannon and Lance Ekhart as "trustees" of Brookline Properties. *See id.* ¶ 14. Mr. Gould provided an address and phone number for Mr. Shannon, but only an address for Mr.

MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

Ekhart. In addition, documents that Ms. Polinder had produced also list either Mr. Shannon or Lance Ekhart as Brookline Properties' trustee. *See id.* At her deposition, however, Ms. Polinder could not provide any additional information regarding Patrick Shannon, Lance Ekhart, or Brookline Properties. *See id.* ¶ 15.

At Mr. Shannon's deposition, Mr. Shannon stated that Mr. Gould had asked him, in approximately 1998, to serve as trustee of Brookline Properties, and that Mr. Shannon had agreed. *See id.* ¶ 16. Mr. Shannon testified, however, that he never had control of Brookline Properties. Rather, Mr. Gould maintained sole control. Mr. Shannon stated that by 2009 at the latest, he stopped serving as Brookline Properties' trustee. He had no further association with Brookline Properties. *See id.* Mr. Shannon also testified that, based on documents he had seen, it appeared that Lance Ekhart also had been a trustee of Brookline Properties during the same period as had Mr. Shannon. Mr. Shannon stated, however, that he had never met Mr. Ekhart and knew nothing about him. *See id.*

Based on the information gathered on Lance Ekhart, including the address that Mr. Gould had provided for him (which was consistent with information on records that Ms. Polinder had produced), the United States attempted to serve Brookline Properties at Mr. Ekhart's address at 1601 Lincoln Street, Bellingham, Washington 98229. *See id.* ¶ 17. The United States attempted service at this address twice on October 3, 2017, once on October 11, 2017, and once on October 14, 2017. On each attempt, nobody answered, and there was no noise, movement, or light detected inside. On the final attempt, a neighbor stated that the occupant may have moved three months prior. *See id.*

In amended and additional discovery responses, Mr. Gould provided no further information on Brookline Properties. The United States intended to question Mr. Gould on this entity at deposition. Mr. Gould, however, failed to appear for deposition.

MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

# ARGUMENT

Given that Brookline Properties purportedly holds title to the Subject Property, and that Financial Concepts and Goldstar Enterprises purportedly hold interests in the Subject Property, the Court must adjudicate these entities' interests in the property before it can be sold with clear title, pursuant to 26 U.S.C. §§ 7402(e) and 7403(b). Accordingly, because these entities cannot be served by conventional means, the United States moves for an order under 28 U.S.C. § 1655 compelling each entity to appear or plead by a day certain and for leave to serve that order by publication.

Under 28 U.S.C. § 1655, in an action to enforce a lien on real property within a court's district, if a defendant cannot be served or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain. If personal service of this order is not practicable, "the order shall be published as the court may direct, not less than once a week for six consecutive weeks." 28 U.S.C. § 1655.

In this case, service upon a representative of Brookline Properties, Financial Concepts, Ltd., and Goldstar Enterprises, Inc., assuming these entities even exist, is not possible. Despite exercising significant efforts to gather information on these entities and locate their office or representative, the United States has been unable to do so. These entities, therefore, cannot be served personally or by mail. Because these entities purportedly hold interests in the Subject Property, the United States had to join them as defendants, pursuant to 26 U.S.C. § 7403(b). 28 U.S.C. § 1655 provides the Court the means to obtain jurisdiction over these entities so the Court can afford full relief in this action.

In addition, because the period for serving a defendant with the summons and complaint has expired, the United States requests that the Court extend the time for service of process to permit service by publication on these entities. Under Fed. R. Civ. P. 4(m), if the plaintiff "shows good cause" for not serving a defendant within 90 days of filing the complaint, the Court "must extend the time for service for an appropriate period." In this case, apart from initially

MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

moving to serve the entities by publication within 90 days of filing the complaint, the United States attempted to serve Brookline Properties at two different addresses and attempted to obtain information on each of the entity's locations and representatives through written discovery, depositions, and other research.  Moreover, Mr. Gould – who, according to Patrick Shannon, controlled Brookline Properties and who dealt directly with Financial Concepts and Goldstar Enterprises and most likely used all three entities as his nominees – has provided minimal or inaccurate information with respect to these entities.  As the United States explains in its motion for sanctions against Mr. Gould, filed concurrently with this motion, Mr. Gould's failure to provide useful information on the entities fits his pattern of obstruction in this case.

Good cause thus exists for not serving Brookline Properties, Financial Concepts, and Goldstar Enterprises.

WHEREFORE, the United States respectfully requests that the Court order these entities to appear or plead by a day certain; grant the United States leave to serve the Court's order by publication, in accordance with 28 U.S.C. § 1655; and extend the time for serving the entities, pursuant to Fed. R. Civ. P. 4(m), to allow for service by publication.[1]

The United States is submitting a proposed order to this effect.

//

//

//

---

[1] Defendants Jane Polinder and Washington State Department of Social and Health Services do not oppose the relief sought in this motion.  Defendant David Gould opposes the relief sought.

MOTION FOR LEAVE TO SERVE BY PUBLICATION  
Case No. 2:16-cv-1041-TSZ  
7  
**U.S. DEPARTMENT OF JUSTICE**  
Tax Division, Western Region  
P.O. Box 683  
Washington, D.C.  20044  
Telephone: 202-514-6062

| | |
|---|---|
| Dated: September 21, 2018 | Respectfully submitted,<br><br>RICHARD E. ZUCKERMAN<br>Principal Deputy Assistant Attorney General<br><br>*/s/ Charles J. Butler*<br>CHARLES J. BUTLER<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 683<br>Washington, D.C.  20044<br>202-514-6062 (v)<br>202-307-0054 (f)<br>Charles.J.Butler@usdoj.gov<br><br>Of Counsel:<br>ANNETTE L. HAYES<br>United States Attorney<br>Western District of Washington<br><br>Attorneys for the United States of America |

MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notice to all parties that have appeared in this action.

*s/ Charles J. Butler*
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice

MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062