UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) C16-1041 TSZ |
| Plaintiff, | ) |
| | ) **MEMORANDUM IN** |
| v. | ) **OPPOSITION TO MOTION FOR** |
| | ) **SANCTIONS WITH** |
| DAVID A. GOULD, et al, | ) **DECLARATION OF DAVID** |
| | ) **GOULD** |
| Defendants. | ) |
| | ) **JURY TRIAL DEMANDED** |

AND NOW COMES Defendant David A. Gould ("Gould") who files this, his memorandum in opposition to the motion for sanctions filed by the United States:

### Introduction

Presently before the Court is a lawsuit alleging a fraudulent conveyance allegedly occurring in the 1990s against a person who resides in Asia. The United States files a motion for sanctions as a latch ditch attempt to win this litigation without having to prove anything, something it planned and structured from the beginning of the case at bar.

However, contrary to the assertions of the United States, it is counsel for the government who delayed this lawsuit by never serving the indispensable parties and waiting over two years to ask this Court to bring them in at this juncture.

I.  **The United States Cannot Complain of "Frivolous Motions" Without Complying with Federal Rule of Civil Procedure 11.**

1

In the Government's request for sanctions, it asks this Court to find that the various motions filed by Gould are "frivolous." However, the appropriate remedy for such a matter is for the Government to lodge a motion for sanctions under Fed. R. Civ. Proc. 11 and to allow Gould the opportunity to withdraw said motion(s). However, the Government never did so. It cannot skirt this good faith requirement by bootstrapping its complaint about motions into some potpourri motion asking this Court to declare it the winner.

## II. The United States Cannot Complain of Inadequate Discovery Responses When It Never Filed a Motion to Compel

Similarly, the Government seeks discovery sanctions for Gould's allegedly "failing to provide substantive, timely, or complete discovery responses." However, at no time did the United States serve a motion to compel or seek to resolve any discovery dispute in a meaningful manner. Asking this Court to provide it judgment without ever asking this Court to compel discovery responses reeks of bad faith.

## III. The United States Obviously Saw No Pressing Need to Compel a Deposition As it Waited Six Months to File this Motion and Does Not Seek to Compel a Deposition

This Court directed Gould to provide his passport to the United States. Gould engaged in a dialogue with the Government. If the Government was not satisfied with Gould's response, it could have sought judicial intervention. The Government never asked this Court to intervene at any time since May 2018. It is now October 2018, after discovery ended, and the Government asks this Court to enter it judgment as a sanction. This is in bad faith. The proper remedy would have been to file a motion to compel in a timely manner.

As to the deposition, the United States omits the fact that Gould advised the United

2

States in an email that he did not have the funds to purchase a plane ticket to North America.  Since January of 2014 Gould has been under a Court obligation to pay alimony, maintenance, and child support, and for the time periods relevant to the case at bar, has been paying approximately $2500 per month. One consequence of not paying the support would be having any United States passport revoked.  With the payments, Gould's monthly income is in the hundreds, not thousands of dollars per month, making any travel to North America an impossibility.  Gould explained this, and counsel for the United States knew that he was not attending.  Yet, the Government pretended to go through the motions of a deposition for the sole purpose of pretending it was damaged (and perhaps a free vacation for the Government's counsel in Washington state).

As to the deposition itself -- scheduled for June -- the remedy would have been a motion to compel.  The United States did not really want a deposition, so it never moved to compel attendance.  Rather, counsel for the Government seeks an easy win in a proceeding relating to an administrative record that it cannot prevail on.   Had the Government sought to compel, Gould would have provided evidence to the Court as to his income situation.  Instead, though, the Government never sought to compel and waited until discovery was over to complain about the purported non-attendance at the deposition.

**<u>Conclusion</u>**

_____It is the Government that delayed this proceeding by not serving the indispensable parties in a timely manner, not Gould.  All of the items the Government complains about and seeks to win the case based on were never the subject of a motion to compel.  The

3

United States could have, but did not, file a Rule 11 motion as to Gould's pleadings and motions.  The United States could have, but did not, seek judicial intervention as to the discovery responses.  The United States could have, but did not, file a motion asking this Court to resolve any issue with the passport disclosure.  The United States could have, but did not, seek to compel attendance at a deposition.  Because the United States waived these issues by not raising them during the discovery period, there is no basis to grant the motion for sanctions.

Finally, if this Court is inclined to grant some form of sanctions, it would be harsh to provide the Government a "win" on the merits when it participated in the dilatory tactics.  A more reasonable sanction for non-attendance at a deposition six months ago, when the Government was aware that Gould would not be attending, would be $300.00.

WHEREFORE, this Court should deny the motion for sanctions filed by the United States.

                                                                */s/ David A. Gould*
                                                                David A Gould

                                                                DEFENDANT

DECLARATION OF DAVID GOULD

\_\_\_\_\_I, David A. Gould, declare and state under the penalty for perjury that the following is true and correct (28 USC 1746):

1. My name is David A. Gould.
2. This legal action involves a purported fraudulent conveyance of property BEFORE the plaintiff was a creditor, occurring more than 20 years ago.
3. I reside in Asia.
4. Since January of 2014 I have been under a Court Order to pay alimony and child support to Jane Polinder. The consequence of non-payment would be criminal charges and a revocation of my passport.
5. Over the last 36 months, I have not earned more than $3000 a month. My after-support income is usually several hundred dollars per month, with the maximum ever of about $1000.
6. I do not have the funds to enter North America. I did travel to Canada during the holidays because a friend gave me a budget, in advance, discount ticket. I could not have afforded this ticket on my own.
7. The United States never served me with a Rule 11 motion as to the content of my legal pleadings or motions.
8. The United States never filed a motion to compel additional discovery responses or to test the content of my discovery responses.
9. The United States never filed a motion relating to the passport issue.
10. The United States never filed a motion to compel a deposition -- if it did I would have opposed it on the basis that attendance was impossible and because the United States never certified it would not revoke my passport upon entry in the country.
11. I notified counsel for the government that I could not attend the deposition he unilaterally scheduled.
12. I never deliberately acted to delay this proceeding. I offered repeatedly to conduct a deposition by telephone, I answered all discovery requests, the Government never had to file a discovery motion.
13. The real delay in this case is the result of not joining the indispensable parties. The United States chose never to serve-- by publication or otherwise-- the indispensable parties such as Brookline Properties and the lienholders. This is why we are two and a half years into a litigation with no end in sight.
14. The discovery period is over, the Government's motion is out of time, and I

5

verily believe that this is a last ditch tactic to win the litigation without having to prove the case.

This 8th day of October, 2018.

*/s/ David Gould*_____

**CERTIFICATE OF SERVICE**

I, David A. Gould, filed this document electronically and all parties received service via the CM/ECF system.

*/s/ David A. Gould*_____
David A Gould