Honorable Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | Case No. 2:16-cv-1041-TSZ |
| ) | |
| Plaintiff,    ) | **UNITED STATES' REPLY IN** |
| ) | **SUPPORT OF MOTION FOR LEAVE** |
| v.    ) | **TO SERVE BY PUBLICATION** |
| ) | **AND FOR EXTENSION OF TIME** |
| DAVID A. GOULD, et al.,    ) | **TO SERVE** |
| ) | |
| Defendants.    ) | **Note on Motions Calendar:** |
| _____) | **October 12, 2018** |

The United States of America submits this reply in support of its motion for an order under 28 U.S.C. § 1655 compelling Defendants Brookline Properties, Financial Concepts, and Goldstar Enterprises to appear or plead by a day certain; for leave to serve that order by publication; and for an extension of time to effect service.

In his opposition, Defendant David Gould argues that the United States has not shown good cause why it has not served Brookline Properties.[1] For that reason, according to Mr. Gould, the Court should dismiss this entire action. Mr. Gould, however, mischaracterizes the

---

[1] Mr. Gould's opposition does not address Financial Concepts or Goldstar Enterprises.

UNITED STATES' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

relevant facts and law. In particular, he disregards the United States' efforts to obtain information on and serve the entities and disregards his own attempts to thwart those efforts, including by failing to appear for deposition. As explained below, contrary to Mr. Gould's contentions, the United States has demonstrated good cause for not serving the entities up to this point, and has met the requirements of Fed. R. Civ. P. 4(m). Moreover, no party, especially Mr. Gould, has suffered prejudice as a result.[2]

## DISCUSSION

After filing the initial Complaint on July 6, 2016, the United States moved, on July 22, 2016, to serve Brookline Properties, Financial Concepts, and Goldstar Enterprises by publication. (*See* Dkt. 10.) The United States thus sought to serve these entities well within Rule 4(m)'s 90-day limit. Given information provided in Jane Polinder's Answer (Dkt. 12) and other information the Court had obtained, the Court then denied, without prejudice, the United States' motion to serve by publication. (Dkt. 13.) In its Order, the Court did not set a deadline by which the United States had to refile its motion or otherwise serve the entities. (*See id*.) Shortly thereafter, in the Joint Status Report and Discovery Plan, the United States notified the Court that it intended "to seek discovery from Defendants Jane Polinder and David Gould regarding these entities before attempting to serve them again (and will seek leave to serve them

---

[2] On October 7, 2018, Mr. Gould filed both a "Memorandum in Opposition to the Motion for Leave to Serve by Publication (Entry 75) and in Support of Motion to Dismiss" (Dkt. 76) and a separate "Motion to Dismiss Pursuant to Rule 4(m) for Failure to Prosecute" (Dkt. 77), which "incorporated by reference" the memorandum at Dkt. 76. Mr. Gould thus improperly combined his opposition to the United States' motion with his separate motion to dismiss. In addition, according to the ECF entry for Dkt. 77, Mr. Gould improperly noted his motion to dismiss for October 12, 2018. Under LCR 7(d)(3), the motion to dismiss should have been noted for consideration no earlier than the fourth Friday after filing, which is November 2, 2018.

While this reply brief makes clear why Mr. Gould's motion to dismiss lacks merit, the United States will respond to that motion directly in a separate filing.

UNITED STATES' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

after the deadline for completing service) either through conventional means or by publication." (Dkt. 27, at 8.) And, in fact, each of the entities was a subject of the United States' written discovery to, and its depositions of, the defendants and third parties.

As explained in its opening brief, however, the United States did not wait to complete discovery to make attempts at service or otherwise follow up on information on the entities it had obtained. After amending the complaint on September 11, 2017, to substitute "Brookline Properties" for "Brookline Properties, Inc." (Dkt. 40), for instance, the United States attempted to serve Brookline Properties with the Amended Complaint four times in October of 2017 at the address Mr. Gould had provided, in written discovery, for Brookline Properties' purported trustee. *See* Butler Dec. (Dkt. 75-1) ¶ 17. Yet the United States could not effect service on Brookline Properties, and repeatedly encountered roadblocks in attempting to locate a current representative or address for any of the entities, as detailed in its opening brief.

The only step that remained in these efforts, before again seeking to serve the entities by publication, was for the United States to depose Mr. Gould. The evidence the United States had gathered up to that point indicates that Mr. Gould had used Brookline Properties, Financial Concepts, and Goldstar Enterprises as nominees to shield his property from creditors. In his discovery responses, Mr. Gould identified individuals associated with these entities, but, apart from one exception, provided inaccurate and incomplete information on them. Only by deposing Mr. Gould, therefore, could the United States obtain certain information regarding these entities, and information on Mr. Gould's tax liabilities, or at least pin down the factual support, or lack thereof, for Mr. Gould's claims on these issues. Accordingly, after Mr. Gould failed to appear for deposition, the United States moved to serve the entities by publication.

Mr. Gould is thus plainly wrong when he asserts that "the United States did not take any action to try to serve" the entities. Moreover, given that, in discovery responses, Mr. Gould provided inaccurate or incomplete information on the entities, and then refused to appear for deposition to answer questions about them, his assertion that the United States could and should

UNITED STATES' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

have served Brookline Properties earlier is absurd. That assertion is even more absurd in light of the deposition testimony of Patrick Shannon, a former "trustee" of Brookline Properties, that Mr. Gould always maintained sole control over Brookline Properties. *See* Butler Dec. (Dkt. 75-1) ¶ 16.

Given the actual facts, it was reasonable for the United States to complete discovery (or attempt to do so) before again moving to serve the entities by publication. Doing so was consistent with the Federal Rules, considering that Rule 4(m) gives the Court discretion with respect to the timing of service. Moreover, neither Mr. Gould nor any other party can point to any prejudice suffered as a result. If Mr. Gould, for instance, believed that obtaining discovery from any of these entities was critical to his defenses, nothing prevented him from doing so (especially considering that he controls one, if not all, of the entities). And while the Court must adjudicate the entities' possible interests in the property at issue to accord complete relief *to the United States* (*see* 26 U.S.C. § 7402(e)), the entities' participation in this action has no bearing on Mr. Gould, particularly if, as he claims, they are not his nominees or alter egos. First, the entities, whether or not nominees, have nothing to do with the threshold question of the validity of the tax assessments against Mr. Gould. Second, if the Court determines that those assessments are valid, then it will be of no concern to Mr. Gould what the interests of Brookline Properties, Financial Concepts, and Goldstar Enterprises might be. If the assessments are valid, then federal tax liens against Mr. Gould's property and rights to property arose on the dates of the assessments, and the United State may foreclose on those liens even if a third party holds an interest in the property. *See* 26 U.S.C. §§ 6321, 6322, and 7403. At that point, it would be between the United States and the entities (and possibly Ms. Polinder) to litigate, or agree on, the priority of interests in the property at issue. And if, as the evidence indicates, Mr. Gould used any of these entities as his nominee or alter ego, he would still lose the property because the United States could foreclose on the nominee liens as well.

UNITED STATES' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062

Contrary to Mr. Gould's contentions, therefore, when Brookline Properties and the other entities are served, or even *if* they are served, has no bearing on his defenses in this action.

## CONCLUSION

For these reasons and those stated in the United States' opening brief, the United States respectfully requests that the Court grant the United States' motion.

Dated:  October 12, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Charles J. Butler*
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-514-6062 (v)
202-307-0054 (f)
Charles.J.Butler@usdoj.gov

Of Counsel:
ANNETTE L. HAYES
United States Attorney
Western District of Washington

Attorneys for the United States of America

UNITED STATES' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6062

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notice to all parties that have appeared in this action.

*s/ Charles J. Butler*
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice

UNITED STATES' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO SERVE BY PUBLICATION
Case No. 2:16-cv-1041-TSZ

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6062