UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID A. GOULD, et al.,

Defendants.

C16-1041 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant David A. Gould's motion for summary judgment, docket no. 67, is DENIED for the reasons set forth in the Government's response, docket no. 69.

(2) The Government's motion for sanctions against defendant David A. Gould, docket no. 74, is GRANTED in part and DENIED in part as follows. The Government properly noted Gould's deposition for June 22, 2018, in Seattle, see Minute Order at ¶ 2 (docket no. 64); see also Ex. 22 to Butler Decl. (docket no. 74-3) (indicating that Gould's Israeli passport was valid for travel to all countries), and Gould's failure to attend the deposition is grounds for sanctions. See Fed. R. Civ. P. 37(d)(1)(A)(i). The Court is not satisfied, however, that the Government's requested sanction of default judgment is warranted. Before imposing such sanction, the Court must be persuaded that less drastic sanctions are unavailable. See, e.g., Adriana Intern Corp. v. Thoeren, 913 F.2d 1406, 1412-13 (9th Cir. 1990). The Court cannot yet draw the requisite conclusion. Gould's continued refusal to fully participate in discovery is more problematic for him than for the Government. The Government is entitled to a presumption that the returns prepared by the Internal Revenue Service pursuant to 26 U.S.C. § 6020(b)(1), on which the tax assessments at issue in this matter are based, are "prima facie good and sufficient for all legal purposes." 26 U.S.C. § 6020(b)(2). At trial, Gould may not rely on any documents responsive to discovery requests that he did not produce to the Government (and to defendant Jane C. Polinder).[1] Gould is hereby ADVISED that further efforts to obstruct

---

[1] Gould has indicated that some of his files were in Polinder's possession, and could not be retrieved as a result of a restraining order. See Ex. 4 to Butler Decl. (docket no. 74-2). The

MINUTE ORDER - 1

the Government's discovery efforts will not be tolerated. Gould will be provided another opportunity to appear for a deposition. All counsel of record and Gould shall meet and confer telephonically or via email concerning a mutually convenient date and time for Gould's deposition, which shall occur in Seattle no later than January 31, 2019. If Gould wishes to supplement his responses to written discovery requests, he shall do so on or before December 31, 2018. If Gould again fails to timely appear for his deposition, the Court will consider imposing harsher sanctions, including monetary penalties, precluding Gould from testifying or presenting evidence at trial, and entry of default judgment. Except as granted herein, the motion for sanctions is DENIED.

(3) The Government's motion for leave to serve by publication and for extension of time to effect service, docket no. 75, is GRANTED in part and DENIED in part as follows. The Government may take the steps necessary to serve defendants Brookline Properties, Financial Concepts, Ltd., and Goldstar Enterprises, Inc. by publication. The Court makes no ruling, however, concerning whether the Government's efforts to personally serve such entities satisfy the prerequisites to service by publication set forth in 28 U.S.C. § 1655, and the Government is encouraged to continue attempting to locate and/or personally serve the individuals and/or entities at issue. Service must be effected by December 31, 2018.

(4) Gould's motion to dismiss for failure to timely serve and/or failure to prosecute, docket no. 77, is DENIED. Unless Gould acknowledges that he has an ownership interest in Brookline Properties, Financial Concepts, Ltd., and/or Goldstar Enterprises, Inc., he has no standing to raise a defense of untimely service on their behalf.

(5) The parties are DIRECTED to file a Joint Status Report, within fourteen (14) days of the date of this Minute Order, indicating when they will be prepared for trial in this matter and how long they anticipate trial will last.

(6) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 1st day of November, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

Government has not clarified whether any inquiry was made of Polinder concerning such files, whether she still has custody of them, and, if so, whether she has produced them in discovery.

MINUTE ORDER - 2