| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | C16-1041 TSZ |
| v. | ORDER APPOINTING RECEIVER AND AUTHORIZING SALE |
| DAVID GOULD, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on the United States' and Defendant Jane Polinder's request for the appointment of a receiver to sell the real property, docket no. 176, located at 6109 Evergreen Way, Ferndale, Washington, 98248 (the "Subject Property").[1] Pursuant to 26 U.S.C. § 7402(a), the Court ORDERS that:

1.    Jon Rockwood of Rockwood Realty, whose address is 2084 Alder Street, Ferndale, Washington 98248, is appointed as a receiver[2] ("Receiver") for the Subject

---

[1] 6109 Evergreen Way, Ferndale, Washington, 98248 is more particularly described as:

   Lot 1, as delineated on Baycor Short Plat, according to the plat thereof, recorded August 22, 2005, under the Auditor's File No. 2050804879, records of Whatcom County, Washington; situated in Whatcom County, Washington; Assessor's Tax Parcel No. 3902180470220000.

[2] Because the Receiver is being appointed in a post-judgment context, the standard that governs appointment of a receiver under Federal Rule of Civil Procedure 66 to protect a party's interest in

ORDER APPOINTING RECEIVER - 1

1   Property for the purpose of effectuating the sale of the Subject Property to satisfy the

2   outstanding federal tax liens against defendants David Gould and Jane Polinder.  The

3   Receiver shall have the authority to arrange for the sale of the Subject Property through

4   an appropriate purchase agreement, in any manner approved by the United States.[3]

5       2.   The Receiver shall have all the rights and powers necessary to fulfill his

6   obligations under this Order, specifically including, but not limited to, the power to retain

7   the services of a locksmith to gain access to the Subject Property.  The Receiver may also

8   take any action reasonably necessary to protect and preserve the value of the Subject

9   Property prior to sale, and to put the Subject Property into saleable condition, including

10  making expenditures of funds that are first approved by the United States for reasonable

11  and necessary maintenance and minor improvements.  Any funds advanced by the

12  Receiver, and previously approved by the United States, for any of the purposes of

13  protecting or preserving the value of the Subject Property shall be reimbursed from the

14  proceeds of the sale with priority over all liens or other claims unless paid from rents or

15  forfeited earnest money deposits.  The Receiver shall be permitted to add a lockbox to the

16  Subject Property for other agents to show the Subject Property to prospective buyers (at

17  the Receiver's own expense).  The Receiver is authorized to advertise the Subject

---

property during the pendency of litigation does not apply to this action, nor does the Court need to make a jeopardization finding in this case.  *See United States v. Morgan*, No. 3:18-cv-1647, 2021 WL 3421708, at *6 n.44 (D. Conn. Aug. 15, 2021) (collecting cases).

[3] When seeking to coordinate with or obtain the approval of the United States, the Receiver shall contact Lolita De Palma, Counsel for the United States, at 202-305-3664 or lolita.depalma@usdoj.gov. Defendant Polinder's Counsel, Jason Harn, can be contacted at 206-223-0800 or jharn@colvinhallettlaw.com.

ORDER APPOINTING RECEIVER - 2

Property for sale in any manner determined by the Receiver's experience and business judgment.  The Receiver is authorized to create a video of the interior as well as the exterior of the Subject Property for such purposes.

       3.      The Receiver shall set an initial listing price for the Subject Property, which shall not be less than $546,010.00.[4]  The Subject Property shall not be listed or sold for an amount less than $546,010.00, unless otherwise authorized by the United States.  In this regard, the Receiver is authorized to use his business judgment to set a listing price or any reductions in the listing price.  If the Receiver proposes to sell the Subject Property for less than the tax-assessed value, the Receiver shall inform the parties and, within three business days of being so informed, any party that objects to the Receiver's proposed sale price may file with the Court an objection to the proposed price, stating the basis for any objection and why the Court should not defer to the Receiver's business judgment.  The Court will then determine whether to approve of the sale price and may do so without a hearing.

       4.      Proceeds from the sale of the Subject Property are to be disbursed as follows:

- First, to the costs of the sale, including the compensation of the court-appointed Receiver.  The Receiver shall be entitled to the payment of a

---

[4] This is the tax-assessed value of the Subject Property for 2023.  *See* https://property.whatcomcounty.us/propertyaccess/Property.aspx?cid=0&year=2023&prop_id=92856.

ORDER APPOINTING RECEIVER - 3

|   |   |   |
|---|---|---|
| 1 |   | standard real estate commission for his services and costs incurred |
| 2 |   | pursuant to this Order. |
| 3 | - | Second, to the Whatcom County Treasurer for any unpaid property taxes |
| 4 |   | pursuant to the stipulation between the United States and the Whatcom |
| 5 |   | County Treasurer.  *See* docket no. 21. |
| 6 | - | Third, to the United States, for the amount of the federal tax liens against |
| 7 |   | Jane Polinder. |
| 8 | - | Fourth, to the United States, for the amount of the federal tax liens against |
| 9 |   | David Gould. |
| 10 | - | Fifth, to the Washington State Department of Social and Health Services' |
| 11 |   | (DSHS) lien for unpaid child support owed to Jane Polinder pursuant to the |
| 12 |   | stipulation between the United States and DSHS.  *See* docket no. 126. |
| 13 | - | Finally, any funds remaining after the foregoing disbursements shall be |
| 14 |   | deposited with the Clerk of the Court and distributed pursuant to further |
| 15 |   | Court order. |

16  The escrow company that handles the sale proceeds will disburse the proceeds to the
17  parties.  The Subject Property shall not be sold before September 30, 2024.

18      5.    Counsel for the United States and the various defendants do not represent
19  the Receiver, but the Receiver may consult with counsel for the United States regarding
20  the Receiver's responsibilities if necessary.  The Receiver is not authorized to employ
21  counsel but may apply to the Court for authority to do so.  Counsel for the United States
22  may assist the Receiver in drafting any purchase agreement or related escrow documents
23

ORDER APPOINTING RECEIVER - 4

proposed and any final purchase agreement and related documents shall be provided to Counsel for the United States at least 72 hours before closing.

6. At closing, the purchase price may be used to pay closing costs customarily borne by sellers, as well as all real property taxes allocable to the period prior to closing.

7. All persons occupying the Subject Property shall vacate the Subject Property at a time to be agreed upon by both the United States and the Receiver, with each occupant taking with them his or her personal property but leaving all improvements and fixtures.  If any person fails or refuses to vacate the Subject Property, the United States shall seek an immediate court order authorizing the United States Marshals Service to take all actions that are reasonably necessary to have those persons removed.  Any personal property remaining on the Subject Property after the agreed to date to vacate shall be deemed forfeited and abandoned, and the Receiver is authorized to dispose of the personal property in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be held in escrow in a manner consistent with private sales pending distribution pursuant to this Order.

8. Defendants Gould and Polinder shall take no action that might reduce the value or marketability of the Subject Property nor cause or permit anyone else to do so.  Violation of this paragraph may be deemed a contempt of court.

9. The Receiver's compensation shall be from the proceeds of the sale of the Subject Property in an amount of 3 percent of the gross sale proceeds.  A buyer's broker's compensation shall be from the proceeds of the sale of the Subject Property in

ORDER APPOINTING RECEIVER - 5

an amount of 2.5 percent of the gross sale proceeds. The Receiver shall also be reimbursed for his reasonable and necessary expenditures to protect and preserve the value of the Subject Property that were first approved by the United States in writing.

10. The Receiver shall submit progress reports to the Court and the parties every ninety (90) days from the date of this Order until the Receiver is discharged.

IT IS SO ORDERED.

Dated this 30th day of September, 2024.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER APPOINTING RECEIVER - 6