UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GOULD, et al.,<br><br>Defendants. | C16-1041 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendant David Gould's motion in opposition to the proposed listing price, docket no. 188. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

This case concerns the efforts, since the case was filed on July 6, 2016, of the United States Internal Revenue Service to collect taxes owed by Defendants David Gould and Jane Polinder. This case has been plagued by long periods of delays and inactivity. Finally, in February 2024, the United States moved for summary judgment, seeking that its tax liens against Gould be reduced to judgment and for the Court to order that the tax liens be foreclosed against 6109 Evergreen Way, Ferndale, Washington, 98248 ("Subject

ORDER - 1

1  Property").[1]  Motion (docket no. 177).  The Court granted the motion.  Order (docket

2  no. 182 at 1–2, 25).  The parties and Court being well familiar with the facts of this case,

3  the Court incorporates the background section of that Order.  See id. at 1–12.

4        The Court also granted default judgment against Brookline Properties, Financial

5  Concepts, Ltd., and Goldstar Enterprises.[2]  Id. at 25.  The Court also granted the

6  Government and Polinder's stipulated motion for entry of judgment against Polinder.  Id.

7  at 24.  The Court directed the parties to file any objections to the Court's proposed order

8  appointing a receiver to sell the Subject Property and to the proposed judgment.  Id. at

9  27–28.  On August 15, 2024, the Government filed its objections.  Objections (docket

10  no. 183).  Neither Gould nor Polinder filed any objections.  On September 20, 2024,

11  Gould appealed the Court's Order on the Government's motion for summary judgment.

12  Notice of Appeal (docket no. 185).  On September 30, 2024, the Court entered an Order

13  appointing Jon Rockwood (the "Receiver") and authorizing the sale of the Subject

14  Property.  Order (docket no. 186).  The Court ordered that the Subject Property be sold

15  for $546,010.00, the Subject Property's 2023 tax-assessed value, unless otherwise

16  authorized by the Government.  Id. at 3.  In that event, the Receiver would then be

17  authorized to "use his business judgment to set a listing price or any reductions in the

---

[1] 6109 Evergreen Way, Ferndale, Washington, 98248 is more particularly described as:

    Lot 1, as delineated on Baycor Short Plat, according to the plat thereof, recorded August 22, 2005, under the Auditor's File No. 2050804879, records of Whatcom County, Washington; situate in Whatcom County, Washington; Assessor's Tax Parcel No. 3902180470220000.

[2] In a declaration filed in opposition to the Government's motion, Gould disclaimed any interest in the Subject Property.  See Ex. to Gould's Response (docket no. 180-1 at 3 ("I relinquished all personal claim that I might have had in the [Subject Property] in favor of Brookline Properties on May 12, 1998.")).  The Court found that transfer to be fraudulent.  Order at 24 (docket no. 182).

ORDER - 2

listing price." Id.  Any party that objected to the Receiver's proposed sale price could file an objection to the proposed price, stating the basis for any objection and indicating why the Court should not defer to the Receiver's business judgment.  The Court also entered judgment against Gould in the amount of $212,109.93 plus statutory additions, and against Polinder in the amount of $91,271.06 plus other statutory additions.  Judgment (docket no. 187).

The Receiver now proposes a sale price of $420,000.00 for the Subject Property. See Decl. of Receiver (docket no. 193-1 at 1, 3).  Gould filed a motion, docket no. 188, to prevent the listing price from being lowered to this amount, pause the property sale, and further delay the inevitable.  Neither Polinder nor the Government have objected to the Receiver's proposal.  On November 15, 2024, Gould amended his notice of appeal, docket no. 195, to include the Court's Order and Judgment entered on September 30, 2024.

**Discussion**

    A.    **The Subject Property's valuation and Receiver's business judgment**

The Receiver has articulated reasonable bases to support his decision to list the Subject Property at $420,000.00.  The Receiver twice inspected the Subject Property in person to examine its physical condition and to determine what steps should be taken to ready the Subject Property for sale.  Decl. of Rockwood (docket no. 193-1 at 1–2).  The Receiver concluded that the Subject Property was in a significant state of disrepair, noting that all flooring, appliances, most windows, some walls, plumbing fixtures, countertops, interior trimming, and the roof on the detached garage were damaged and need replacement or repairs.  Id. at 2.  Additionally, the exterior landscaping had been

ORDER - 3

1 | neglected for many years, rodents have torn down insulation in the crawl space, and all
2 | rooms require repainting.  Id.  The Receiver estimated it would take at least $100,000.00,
3 | "if not significantly more," to repair the damage to the Subject Property and opined that it
4 | would be "very difficult" for a buyer to obtain a mortgage to purchase the Subject
5 | Property in its current state.  Id. at 2–3.

6 |      The Receiver also compared the Subject Property with two other properties
7 | recently sold in Ferndale.  Id. at 3–4.  Those properties have smaller lot and house sizes
8 | but sold for $540,000.00 and $435,000.00 because they were newer and in good
9 | condition or recently renovated.  Id. at 3–4.  The photographs attached to the Receiver's
10 | declaration support the Receiver's opinions.  See Exs. A−D to Government Opposition
11 | (docket nos. 193-2, 193-3, 193-4, 193-5).  Gould does not provide any reason as to why
12 | the Court should not defer to the Receiver's business judgment.

13 |      Gould claims that if the Subject Property's value was less than the 2023 tax-
14 | assessed value due to its poor condition, then the Whatcom County Tax Assessor's Office
15 | should have accounted for that and adjusted accordingly in its own assessment of the
16 | Subject Property's value.  Motion at 1 (docket no. 188).  Gould offers no evidence that
17 | the tax assessor's office was aware of the current state of the Subject Property or whether
18 | such conditions existed at the time that the 2023 tax-assessed value was imposed.  The
19 | Government submitted a hyperlink to the "FAQs" webpage of the tax assessor's office,
20 | which states that properties are physically inspected every six (6) years and statistically
21 | updated the other years.  Response (docket no. 193 at 8).  Gould did not object to the
22 | Government's statements and hyperlink.  See Reply (docket no. 194).  The Court has no
23 |

ORDER - 4

information as to when the tax assessor's office last physically inspected the Subject Property.

Gould next challenges the sequence of the distribution of sale proceeds, claiming that (1) because the Receiver is set to get paid first, his judgment on setting the listing price may be adversely affected and he directly benefits by conducting an unfair fire sale to get paid as soon as possible, and (2) the Court should order that the United States Marshals Service ("USMS") conduct the property sale via public auction "[i]n order for the sale process to be fair and untainted by various parties' interests." Motion at 2 (docket no. 188). These arguments are unpersuasive. As the Court noted in footnote 2 above, Gould has disclaimed any interest in the Subject Property. Gould never filed any objection to the Court's proposed order appointing receiver, which is where the Court first outlined how the Subject Property's sale proceeds would be distributed and that a receiver, not the USMS, would be responsible for facilitating the sale of the Subject Property. See Ex. A to Order (docket no. 182 at 29–35).[3]

Gould contends that the Receiver and the Government agreeing to "fire sale pricing" is unfair because "fire sale pricing" runs the risk that any possible debt owed to the Washington Department of Social and Health Services ("DSHS") may not be completely satisfied and whatever proceeds remain from the sale may not be maximized. Motion at 2 (docket no. 188). There exists a risk that the sale proceeds will ultimately

---

[3] The Receiver's compensation is set at three (3) percent of the gross sale proceeds and includes reimbursement for reasonable and necessary expenditures to protect and preserve the value of the Subject Property. Order (docket no. 186 at 5−6). This compensation package incentivizes the Receiver to maximize, not minimize through a "fire sale," the Subject Property's sale price. Motion at 2 (docket no. 188).

ORDER - 5

not satisfy all monies owed to the Receiver, Whatcom County Treasurer, the United States, and DSHS. See Judgment (Docket no. 187). But requiring a higher initial listing price will not guarantee that all outstanding debts will be satisfied by the sale, because the Subject Property may not sell at that price. In fact, the Receiver noted that it is "quite possible that the Subject Property receives no bids even at a $420,000.00 listing price." Decl. of Rockwood at 3 (docket no. 193-1).

### B. Gould's request for a delay

Gould argues no receiver-facilitated sale or USMS auction should occur until the one-year statute of limitations period has expired for the parties against whom the Court entered default judgment, apparently in reference to Federal Rule of Civil Procedure 60(c)(1). Motion at 2 (docket no. 188). He also claims that "[a] sale occurring prior to that time would create the potential for double-liability against Defendant Gould because if any of those parties challenges the default judgment and proves a legitimate interest in the property, then they could sue Defendant Gould for the entire value thereof if the property has already been sold out from under their interest." Id.

Gould cites no authority to suggest that the execution of the Court's Judgment should be stayed pending the possibility that the defaulted parties will appear for the first time and file within a year a Rule 60 motion for relief from the Court's Judgment due to mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)–(3). In part due to the age of this case, any reliance on these bases for relief would likely be futile. Gould's concerns about the "potential for double-liability" should the sale proceed prior to the expiration of Rule 60(c)(1)'s time period are unconvincing. The Government

ORDER - 6

filed this case in July 2016 and none of the entities against which the Court has entered default have ever appeared.  See Order (docket no. 182 at 11); see also Minute Order (docket no. 113).

### C. Gould's request for a stay pending his appeal

Gould argues that "this court has no jurisdiction to proceed with the minutiae of finalizing a sale of the property until Defendant Gould's appeal to the Ninth Circuit Court of Appeals has been decided or otherwise finalized." Motion at 3 (docket no. 188). Gould requests any sale process "be paused until all relevant appeals have been decided." Id.  The Court interprets this request as a motion for stay of execution of the Court's Judgment under Rule 62.

Rule 62(a) provides for an automatic 30-day stay on execution of and proceedings to enforce a judgment.  The 30-day automatic stay on execution of and proceedings to enforce this Court's Judgment expired on October 30, 2024.  See Judgment (docket no. 187).  Rule 62(b), however, permits a party to obtain an additional stay "by providing a bond or other security."  The stay is effective upon the Court's approval of the security and remains effective for the time specified in the security.  Fed. R. Civ. P. 62(b).  An appellant who posts an adequate supersedeas bond is entitled to a stay of a money judgment "as a matter of right."  See Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966).  Gould has not offered to post any bond and this argument is made solely to further delay execution of the Judgment.

Unless otherwise ordered by the Court, a final judgment in an action for an injunction or receivership is not stayed after being entered, even if an appeal is taken. Fed. R. Civ. P. 62(c)(1).  Rule 62 exempts the appointment of a receiver from the

ORDER - 7

ordinary rule requiring a stay of district court proceedings pending appeal. <u>Compass-Charlotte 1031, LLC v. Prime Cap. Ventures, LLC</u>, 2024 WL 1171772, at *11 (N.D.N.Y. Mar. 19, 2024).

The Court entered a monetary judgment against Gould, docket no. 187, and the sale of the Subject Property facilitates the satisfaction of that outstanding judgment. Gould must provide a supersedeas bond to stay the Court's Judgment.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Gould's motion opposing the Subject Property's proposed listing price, docket no. 188, is DENIED.

(2) The Receiver is authorized to list and sell the Subject Property for $420,000.00 or more.

(3) The Clerk is directed to CLOSE this case and to send a copy of this Order to all counsel of record, Defendant Gould pro se, and the Receiver.

IT IS SO ORDERED.

Dated this 12th day of December, 2024.

Thomas S. Zilly
United States District Judge

ORDER - 8