UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GOULD, et al.,<br><br>Defendants. | C16-1041 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the United States' Motion Requesting Order Confirming Sale of Subject Property[1] Free and Clear of Liens, docket no. 202. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Motion to Strike and Motion for Leave to File Surreply**

The Court first addresses the following two related pending motions: the Government's Motion to Strike Defendant David Gould's Surreply, docket no. 206, and Gould's Motion for Leave to File Surreply Nunc Pro Tunc, docket no. 208. Any opposition to the Government's motion requesting an order confirming sale of the Subject Property, docket no. 202, was due by January 23, 2025. No opposition was filed. A week after the noting date for the Government's motion and after the Government had

---

[1] The parcel of real property at issue in this action is located at 6109 Evergreen Way, Ferndale, Washington, 98248 ("the Subject Property") and legally described as follows: Lot 1, as delineated on Baycor Short Plat, according to that plat thereof, recorded August 22, 2005 under the Auditor's File No. 2050804879, records of Whatcom County, Washington; situate in Whatcom County, Washington; Assessor's Tax Parcel No. 3902180470220000. Order at 1 n.1 (docket no. 186).

ORDER - 1

1  filed its reply brief, Gould filed a "surreply" opposing the entry of an order confirming
2  the sale of the Subject Property free and clear of liens.  See Reply (docket no. 203); see
3  also Surreply at 1–2 (docket no. 204).  Gould's objections mirror the arguments raised in
4  his Motion for Reconsideration.  Compare Surreply at 1–2 (docket no. 204) with Motion
5  for Reconsideration at 1–2 (docket no. 198).  The Court previously rejected these
6  arguments.  See Minute Order (docket no. 201) (denying Gould's Motion for
7  Reconsideration).  The Government filed a Motion to Strike Gould's Surreply, docket no.
8  206 at 2, claiming that the Surreply is untimely and violates Local Civil Rule 7(g).  Gould
9  then filed a Motion for Leave to File Surreply Nunc Pro Tunc, claiming that his Surreply
10 is "both reasonable and necessary because this Court has previously misconstrued
11 Gould's argument regarding the one year period to automatically vacate the default".
12 Motion at 1 (docket no. 208).

13       The Government's Motion to Strike, docket no. 206, is GRANTED, and Gould's
14 Motion for Leave to File Surreply Nunc Pro Tunc, docket no. 208, is DENIED.  Gould's
15 Surreply is both untimely and without merit.  See Local Civil Rule 7(g)(1)–(2).

16 **Motion Requesting Order Confirming Subject Property Free and Clear of Liens**

17       The Government moved, docket no. 202, for a court order confirming the sale of
18 the Subject Property, free and clear of the liens and interests of the current and former
19 parties to this case.  While the purchase and sale agreement referenced in the motion was
20 voided by the buyer, the Government has now filed a notice of pending sale to Adam
21 Morvee, see Ex. A to Notice (docket no. 212-1 at 2), and seeks clarification from the
22 Court that the sale of the Subject Property by the receiver will be free and clear of any
23

ORDER - 2

existing rights, titles, claims, liens, or interests of the receiver or any current or former parties to this action.  Reply at 1 (docket no. 203).  The notice states the Subject Property is under contract to be sold with closing set for March 11, 2025.  Notice at 1 (docket no. 212).

The Government's Motion Requesting Order Confirming Sale of Subject Property Free and Clear of Liens, docket no. 202, is GRANTED.  A sale of the Subject Property to Adam Morvee pursuant to the purchase and sale agreement, see Ex. A to Notice (docket no. 212-1 at 2), is APPROVED and shall be free and clear of any existing rights, titles, claims, liens, or interests of the Receiver or any other current or former parties to this action, including:

    a) David Gould,

    b) Jane Polinder,

    c) Brookline Properties,

    d) Goldstar Enterprises,

    e) Financial Concepts, Ltd.,

    f) Whatcom County Treasurer,

    g) Washington State Department of Social and Health Services ("DSHS"), and

    h) The United States' federal tax liens and judgment liens against David Gould and Jane Polinder, described in the Court's Judgment (docket no. 187).

The valid interests of the Whatcom County Treasurer, the United States, and DSHS in the Subject Property will attach to the proceeds from the sale of the Subject

ORDER - 3

Property in the same order of priority as described in the Court's Judgment (docket no. 187).

The Receiver is authorized to sign all the necessary documents and make all the distributions consistent with this Order.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Government's Motion to Strike, docket no. 206, is GRANTED. Defendant Gould's Motion for Leave to File Surreply Nunc Pro Tunc, docket no. 208, is DENIED.

(2) The Government is authorized to sell the Subject Property to Adam Morvee pursuant to the purchase and sale agreement. See Ex. A to Notice (docket no. 212-1 at 1). The Subject Property shall be free and clear of any existing rights, titles, claims, liens, or interests of the Receiver or any other current or former parties to this action as set forth in this Order.

(3) The Clerk is directed to send a copy of this Order to all counsel of record and Defendant Gould pro se.

IT IS SO ORDERED.

Dated this 4th day of March, 2025.

Thomas S. Zilly
United States District Judge

ORDER - 4